## TAGGART vs. HURLBURT.

A judgment in a partition suit settled the rights of the parties in the premises, holding that they were tenants in common, and that the defendant had received the rents and profits of said premises to his own use. As conclusions of law, it adjudged the rights as thus stated, and directed that partition be made according to the rights so found; that three reputable freeholders be appointed commissioners to make such partition; that the defendant render an account of the rents and profits of said premises, and of the timber cut; and that a referee be appointed to take and state such account; and it ordered judgment accordingly, with costs. Then followed this provision: " All other questions, except the appointment of commissioners and the referee, are hereby reserved until the coming in of the report of the commissioners and referee."

*Held,* 1. That the judgment determined that the rights of the parties were as stated; that partition should be made, by commissioners, of said premises, and that the defendant account for the rents and profits since the 4th of April, 1841.

2. That the judgment thus rendered decided the whole issue between the parties, and left nothing open and reserved, except matters of detail in carrying out such judgment.

3. That the question of the defendant's liability to account for the rents and profits since the 4th of April, 1841, was not an open question for review, on appeal from a subsequent order; the defendant's remedy being by appeal from the judgment.

4. That the court, at special term, in confirming the report of the referee made in conformity with the judgment, had simply given effect to such judgment, and the order of confirmation was not erroneous.

5. That if the defendant's liability to account was limited to six years before the commencement of the suit, that question should have been raised at the trial; that it could be raised at the general term only on appeal from the judgment.

APPEAL by the defendant from an order made at a Special Term confirming the report of a referee, in a partition suit.

E. DARWIN SMITH, J. We think in this case the order of the Special Term is not erroneous.

The original decree settled the rights of the parties in the premises, holding that they were tenants in common, and that defendant had received the rents and profits of said premises to his own use. As conclusions of law it adjudged the rights as thus stated, and directed that partition be made according to the rights so

found; that three reputable freeholders be appointed commissioners to make such partition; that the defendant render an account of the rents and profits of said premises, and of the timber cut; that a referee be appointed to take and state such account according to the course and practice of the court, and ordered judgment accordingly, with costs.   Then follows this provision in the decree: "All other questions, except the appointment of commissioners and the referee, are hereby reserved until the coming in of the report of the commissioners and referee."

The judgment, we think, determines that the rights of the parties were as stated; that partition should be made, by commissioners, of said premises, and that the defendant account for the rents and profits since the 4th of April, 1841.   The judgment thus rendered decided the whole issue between the parties, and leaves nothing open and reserved, except matter of detail in carrying out such judgment.   The commissioners to be appointed were to make partition.   This was decided.   The question of confirmation, and the equities arising upon the report of the commissioners, were reserved; so were the details and equities arising upon the report of the referee.   This report was to be made, but it must be confirmed, and that question is reserved; but the question of the defendant's liability to account for the rents and profits since the 4th of April, 1841, the time fixed in the decree, is not an open question, now, for review. The defendant should have appealed from the decree to raise that question if he wished to review it.

As the report of the referee is in conformity with the decision and interlocutory judgment made at the trial, and the court, at Special Term, in confirming such report, had simply given effect to such decision, we think the order must be affirmed.   The question of the defendant's liability to account for the rents and profits, we think, depends upon the fact that the plaintiff was

Taggart *v.* Hurlburt.

ousted of his rights as a tenant in common. The defendant denied and contested his right as tenant in common, and claimed in his answer to hold adversely. In such a case a tenant in common is liable to account. It is like the cases of the conversion of personal property by one tenant in common, or its destruction or the absolute denial of the right of the co-tenant. In such a case a tenant in common can maintain an action at law to recover for his share of the property. If the liability to account, in this case, corresponding with the right to recover mesne profits after ejectment, was limited to six years before the commencement of the suit, this question should have been raised on the trial, and could only be raised here on appeal, upon a review of the interlocutory judgment.

The order of the Special Term must therefore be affirmed with costs.

MULLIN, P. J., concurred.

TALCOTT, J., dissented, being of opinion that the liability to account was reserved, &c., in the judgment.

Order affirmed.

[FOURTH DEPARTMENT, GENERAL TERM, at Rochester, April 1, 1873. *Mullin, Talcott* and *E. D. Smith,* Justices.]