ISAAC W. ARTHUR, Respondent, *v.* THEODORE L. ARTHUR and Others, Appellants, Impleaded with SARAH LOUISE ARTHUR, Wife of ISAAC W. ARTHUR, and Others, Defendants.

*Partition — credit to one tenant in common of an amount paid for taxes and interest on a mortgage on the premises — while the widow of the common ancestor was in possession the credit should be for only two-thirds of the amount expended.*

A man, who died intestate in 1853, left surviving him a widow and six children. The widow's dower was never admeasured, but she lived upon the property from the time of her husband's death to the time of her own death, in 1897. One of the intestate's children also went upon the premises in 1876, and has since continued to reside there.

In an action brought by such child to partition the premises, in which he sought to be credited with certain payments which he had made during his occupancy of the premises on account of taxes and interest on a mortgage, it was

*Held,* that, as one-third of the payments for interest and taxes made by the plaintiff during his mother's lifetime were made for her benefit as a doweress in possession, the plaintiff was entitled to credit for but two-thirds of the taxes and interest paid by him during his mother's lifetime.

APPEAL by the defendants, Theodore L. Arthur and others, from that part of a final judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Nassau on the 24th day of December, 1900, confirming the referee's report of sale in a partition suit, which directs the said referee to pay to the plaintiff out of the proceeds of sale a certain sum for moneys advanced by plaintiff for the benefit of said real property, with notice of an intention to bring up for review upon such appeal an interlocutory judgment of the Supreme Court in favor of the plaintiff entered in said clerk's office on the 14th day of July, 1900.

*Charles H. Hyde,* for the appellants.

*Augustus M. Price,* for the respondent.

WILLARD BARTLETT, J.:

That portion of the judgment from which the present appeal is taken awards to the plaintiff the sum of $3,082.72 to reimburse him for taxes, interest on a mortgage and the expenses of a litigation relating to the property, which he claims to have paid when in occupation of the premises which were the subject of partition. There is sufficient evidence to sustain the finding of the referee that the plaintiff actually made the payments in question, but it is not so clear that the entire sum of these payments should be charged against the appellants.

The property involved in the suit formerly belonged to Elbert Arthur, who died intestate in 1853, leaving a widow and six children, one of whom is the plaintiff. The widow lived on the property from the time of her husband's death to the time of her own death in December, 1897. The plaintiff appears also to have lived there since 1876, since which year he claims to have made the payments for which he has been allowed credit by the judgment herein.

Although the widow's dower seems never to have been admeasured, her occupation of the premises may be regarded as putting her practically in the position of a dowress in possession of the one-third of the estate to which she was entitled. Consequently the payments made by the plaintiff during her lifetime on account of the taxes and the interest on the mortgage were for her benefit to the extent of one-third of such payments. The fact that the plaintiff did not seek to enforce any liability against her by reason of these payments, partly made for her benefit, does not make such payments properly chargeable against the other heirs. While we agree with the learned referee that under the authority of *Ford* v. *Knapp* (102 N. Y. 135, 143) the plaintiff should be credited with the share of taxes and interest paid for the benefit of his cotenants, we think that such share in this case should not be held to include the one-third of such taxes and interest paid during the lifetime of the widow.

The judgment should be modified by deducting from the sum allowed to the plaintiff one-third of the taxes and interest paid by the plaintiff during his mother's lifetime, and as thus modified should be affirmed, without costs of this appeal to either party.

All concurred.

Judgment modified by deducting from the sum allowed to the plaintiff one-third of the taxes and interest paid by the plaintiff during his mother's lifetime, and as thus modified affirmed, without costs of the appeal to either party.