(114 App. Div. 390.)

ADAMS et al. v. BRISTOL.

(Supreme Court, Appellate Division, First Department. July 12, 1906.)

1. TRUSTS—PASSIVE TRUSTS—STATUTORY PROVISIONS.

Since the Revised Statutes were enacted, the effect of a conveyance containing passive trusts is simply to prevent the trustee taking an estate or title, and to pass the whole estate over to the beneficiary, if he is entitled to the possession of the land.

**2. SAME—ESTATES IN REMAINDER.**

Where a landowner joined with his prospective wife and a trustee in executing an instrument in the nature of a conveyance of the land to the trustee, his heirs and assigns, to be held to the use and benefit of the grantor during his natural life, and after his decease to the use of his intended wife so long as she remained his widow and unmarried, to enjoy the rents and income thereof in lieu and satisfaction of her dower in the estate of the grantor, on her death the property to become the property of the trustee, and further providing that if the wife should predecease her husband the trust should cease, and the premises revert to the grantor, the effect of the statute converting the beneficial interests in a passive trust into legal estates simply accomplished the real intention of the grantor, and the fact that the remainder might be defeated in case of the death of the wife before that of the grantor, and the consequent reversion to the latter, was immaterial, and the instrument was effective as a conveyance of a future estate for life or widowhood in the intended wife and a remainder in the trustee.

**3. SAME—LIMITATION ON PRECEDENT LIFE ESTATE—SUFFICIENCY—STATUTORY PROVISIONS.**

The estate in remainder was sufficiently limited on the precedent life estate of such intended wife under the provisions of section 29 of the statutes of uses and trusts (volume 2, Rev. St [1st Ed.] pt. 2, c. 1, tit. 2, art. 1, § 10), providing that a future estate is an estate limited to commence in possession at a future day, either without the intervention of a precedent estate, or on the determination by lapse of time or otherwise of a precedent estate created at the same time.

**4. SAME—ACTION TO SET ASIDE CONVEYANCE—EVIDENCE.**

In an action for partition, brought after the death of the trustee, the subsequent death of the grantor, and the remarriage of the latter's widow, the exclusion of evidence that all parties to the conveyance treated it as a nullity, and the property as still being that of the grantor, was proper, as the title, vesting on such remarriage in the heirs of the trustee, could not be devested except by an instrument in writing under seal.

Appeal from Special Term, New York County.

Action by William C. Adams and others against Elias L. M. Bristol, impleaded, etc. From the judgment, defendant Elias L. M. Bristol, appeals. Affirmed.

See 95 N. Y. Supp. 628.

Argued before O'BRIEN, P. J., and McLAUGHLIN, INGRAHAM, PATTERSON, and HOUGHTON, JJ.

David McClure, for appellant.
Payson Merrill, for respondents.

PATTERSON, J. This is an action in partition. The controversy relates to the title and ownership of premises No. 46 West Thirty-Fifth street in the city of New York. The plaintiff William C. Adams claims that he and the defendants Samuel F. Adams, Sarah Jane Hull, and Elias L. M. Bristol, are seised as tenants in common of such premises. The defendant Elias L. M. Bristol claims to be the sole owner thereof. The court at Special Term adjudged that the defendant Sarah Jane Hull was entitled to one equal undivided one-third part of the premises; the defendant Elias L. M. Bristol to one equal undivided one-third part; and the defendants Samuel F. Adams, Sarah T. Adams, and the plaintiff William C. Adams, each to an equal undivided one-ninth part thereof. Prior to the 25th of January, 1875, William Henry White was the owner in fee of the premises in question. On that day

an indenture or instrument in writing, in form a conveyance of the premises, was made and executed under seal, and acknowledged by William Henry White, party of the first part, Matilda White, party of the second part, and William Warren White, party of the third part. Provisions of that instrument will be hereinafter considered. It is under it that the plaintiff and the defendants, other than Bristol and Breaker, claim title. The defendant Breaker is for all purposes of the present appeal a nominal defendant, he having been merely a tenant of the premises. William H. White remained in possession of the property from the date of the conveyance above mentioned until his death on the 5th of January, 1890. He left a last will and testament, which was duly proved as a will of real and personal estate before the surrogate of the county of New York on the 24th day of January, 1890, and by that last will and testament he gave, devised, and bequeathed all his property, real and personal, to his wife, Matilda White. Matilda White was in possession of the premises, and retained such possession until her death on the 14th day of September, 1891. While so in possession she married the defendant Elias L. M. Bristol. She died on or about September 14, 1891, leaving her husband her surviving. By her last will and testament, which was duly proved before the surrogate of New York county, after making certain bequests, she gave all her property to the defendant Elias L. M. Bristol. It is under this will that the defendant Bristol claims to be entitled to the whole of the premises in question. He entered into possession thereof on the death of his wife, and remained in continuous possession up to the time of the trial of the action. William Warren White, who was the father of William Henry White, died in 1881, leaving a last will and testament, in which he made devises of specific pieces of real estate to certain named persons, but his will did not contain a residuary clause. The premises No. 46 West Thirty-Fifth street were not disposed of by said will, nor mentioned therein, and he died intestate as to that property. He left as his only surviving heirs at law three children, namely, William Henry White, Sarah Jane Hull, and Alice Adams. The last-named child died in 1897, intestate as to the premises No. 46 West Thirty-Fifth street, leaving, her surviving, her children and only heirs at law, the plaintiff William C. Adams and the defendants Samuel F. Adams and Sarah T. Adams. The plaintiff Grace F. Adams is the wife of the plaintiff William C. Adams, the defendant Adele Le Court Adams is the wife of the defendant Samuel F. Adams, and the defendant Elias L. M. Bristol is unmarried. The foregoing facts are all that are material to the consideration of the principal question involved on this appeal.

The controversy as to the ownership must be determined by considerations affecting the validity, interpretation, and effect of the tripartite instrument or conveyance dated the 25th day of January, 1875, and under which the plaintiff William C. Adams and those deriving title from the same source claim. At the threshold of the inquiry a question arises as to the delivery and acceptance of that instrument. The original was not produced at the trial. Proof was made by the production of a certified copy from the office of the register of the city and county of New York. While in order to make a deed effective there must be both a delivery and acceptance, with the intention that the instrument

shall become operative as a conveyance, the recording of the deed may justify a presumption to that effect, and, in the absence of proof to repel such presumption, it will prevail. Ten Eyck v. Whitbeck, 156 N. Y. 352, 50 N. E. 963. There is nothing in this record which countervails the presumption of delivery and of acceptance, which is involved in delivery. Indorsed on the instrument is a certificate of the register that it was recorded at the request of "John L. & William Lindsay." The members of that firm were attorneys at law, and acted in 1875 for William Warren White in all his real estate transactions. Such testimony as there is in the case bearing upon the subject of persons connected with the law firm mentioned indicates that the instrument was delivered and accepted. It certainly does not tend to the contrary. The justice at Special Term was authorized to find that there was a delivery and acceptance of the instrument. But the interpretation to be given to the provisions of this instrument and its legal effect are matters by no means free from doubt and perplexity, and a very able and forcible argument has been made by counsel for the appellant that it is wholly inoperative as a valid conveyance of interests in land. In its first clause it recites that:

"Whereas, a marriage is intended to be had between the parties of the first and second parts, William Henry White and Matilda White, and the party of the first part is seised of an estate in the city of New York, and it is agreed by and between them that a portion of said estate should be settled upon the trusts and for the purposes hereinafter declared.

—Therefore, in consideration of the intended marriage and of the sum of one dollar, "the party of the first part has granted, bargained, and sold, and by these presents doth grant, bargain, and sell, unto the said party of the third part, William Warren White, his successors and assigns," the premises in question, "to have and to hold the same unto the said William Warren White, to and upon the uses and trusts following, that is to say: To the use of the said William Henry White, the said party of the first part, for and during the term of his natural life, so that he may have and enjoy the rents and income thereof, and after his decease to the use of the said Matilda White so long as she shall remain his widow and unmarried, so that she may have and enjoy the rents and income thereof for her jointure, and (with the further provisions hereinafter mentioned) in lieu and satisfaction of her dower in the estate of which he may be seised at the time of his death, and upon her marriage or death the same to be and become the sole and absolute property of him, the said William Warren White, his heirs and assigns, forever; but should the said Matilda White predecease the said William Henry White, then the trust hereby created shall cease, and said premises shall revert to the said William Henry White, and said party of the third part shall in that case execute and deliver a conveyance thereof to him." It is then recited in the instrument that the party of the first part has made and executed a last will and testament, whereby he has bequeathed to Matilda White for her sole and absolute use certain personal property and money, and has directed that all taxes and assessments and all expenses in insuring and repairing the said premises, and all other charges for the proper maintenance thereof, shall be paid out of the estate so long as Matilda White remains his widow and unmar-

ried. And then Matilda White covenants and agrees with William Henry White that the lands so assigned to her, and the provisions so made for her, as expressed in and by the last will and testament of the said William Henry White, shall be in full satisfaction of her dower and and thirds in the estate of which he might die seised, and shall bar her from claiming the same, if she shall survive him, and that she will, when required so to do, execute, without receiving any consideration therefor, releases of dower to purchasers of real estate of her intended husband. It is also provided in the instrument as follows:

"And it is further agreed by and between the parties hereto that the provisions of this settlement may at any time hereafter be changed or altered, and said premises otherwise disposed of, upon the consent in writing, duly acknowledged, of the said parties of the first and second parts, and of the said party of the third part, or his successor or successors."

It is conceded that the trusts created by this instrument are passive, and as such are invalid. Since the Revised Statutes were enacted the effect of a conveyance containing such trusts is simply to prevent the trustee taking an estate or title, and to pass the whole estate over to the beneficiary if he is entitled to the possession of the land. Wright v. Douglass, 7 N. Y. 564; Wendt v. Walsh, 164 N. Y. 154, 58 N. E. 2.

The argument on behalf of the appellant is that the operative effect of the instrument before us depended entirely upon the existence of a trust estate and trust title, and that it is apparent that William Henry White, the grantor, did not intend to convey any interest separable from or independent of a title in the trustee, and that, the trust failing, the intended interests created through the medium of a trust fell with the trust. The claim is that the particular intent of the instrument was to cut off dower of the wife in her husband's realty, to postpone until after his death the compensation which the wife would receive for all releases of dower, to keep the property at all times within the reach and power of disposal of the settlor and his wife, and that the whole instrument was, in its purport and effect, nothing else than an antenuptial trust agreement, executory and revocable.

We have not failed to be impressed by the forcible character of this argument, and yet we must construe this deed or conveyance, to ascertain and effectuate the real intention of William Henry White in executing and delivering it. Notwithstanding the provision for revocation, and despite some of its contradictory provisions, we gather the intention of the grantor to have been, first, to reserve to himself an interest for life in the property; second, to grant to his intended wife an interest for life or during widowhood; and, third, to grant an estate in remainder to his father in fee. Those purposes and that intention are plainly indicated, and could have been accomplished without the intervention of a trustee or a trust title. In this case the effect of the statute converting the beneficial interests in a passive trust into legal estates simply accomplishes the real intention of the grantor. That the remainder might be defeated in case of death of the intended wife before that of the grantor, and the consequent reversion to him, is not material.

We are of the opinion that the instrument is effective as a conveyance of a future estate for life or widowhood in Matilda White, and a re-

mainder in William Warren White and his heirs; his children and heirs standing in his place, he having died before his son William Henry White. This view, we think, would control even if the grant to William Warren White would not take effect strictly as a remainder, limited upon the particular estate for life or widowhood of Matilda White. The provision cannot be read out of the deed that after the death of Matilda White, she surviving her husband, William Henry White, the premises shall "be and become the sole and absolute property of him, the said William Warren White, his heirs and assigns, forever"; but we are of the opinion that the estate in remainder was sufficiently limited upon a precedent life estate of Matlida White, under the provisions of section 29 of the statute of uses and trusts (vol. 2, Rev. St. [1st Ed.] pt. 2, c. 1, tit. 2, art. 1, § 10).

At the trial the defendant Bristol offered to prove certain facts which were relied upon as evidence of a revocation of the deed, but the court rejected such proof; and that was done in accordance with the provisions of an order in force at the time of the trial, precluding the defendant from giving evidence of that character. The defendant Bristol was not, however, by the order debarred from offering proof that all the parties treated the conveyance of January 25, 1875, as a nullity, and the property as still being that of William Henry White. But, even in that aspect, the court was not in error in rejecting the proof; for if we are right in the views we have expressed concerning the effect of the deed, and if the title was in the heirs of William Warren White, it could not be devested except by an instrument in writing under seal. The proof offered was therefore immaterial.

The judgment should be affirmed, with costs. All concur, except McLAUGHLIN, J., who concurs in result.