### ADAMS et al. v. BRISTOL et al.

(Supreme Court, Appellate Division, First Department.   June 5, 1908.)

1. TENANCY IN COMMON—MUTUAL RIGHTS OF CO-TENANTS—LIABILITY OF TENANT IN POSSESSION FOR RENTS AND PROFITS.

   In the absence of an agreement to the contrary, a tenant in possession of real property is liable to account to his co-tenant only for the rents and profits actually received, and is entitled to an allowance for taxes paid by him and for keeping the premises in ordinary repair, even though he actually occupies the premises himself.

   [Ed. Note.—For cases in point, see Cent. Dig. vol. 45, Tenancy in Common, §§ 76–87.]

2. PARTITION—RIGHT OF CO-TENANT TO IMPROVEMENTS MADE—MISTAKE AS TO OWNERSHIP.

   Where a tenant in common is in possession supposing himself entitled to the whole premises, and makes valuable improvements thereon, he will, under some circumstances, be entitled to an equitable partition so as to give him the benefit of the improvements.

   [Ed. Note.—For cases in point, see Cent. Dig. vol. 38, Partition, §§ 230–244.]

3. TENANCY IN COMMON—OUSTER OF CO-TENANT—LIABILITY FOR PROFITS.

   A tenant in common is only liable for mesne profits when he has ousted his co-tenant.

   [Ed. Note.—For cases in point, see Cent. Dig. vol. 45, Tenancy in Common, §§ 76–87.]

4. APPEAL AND ERROR—REVIEW—SUBSEQUENT APPEALS—MATTERS REVIEWABLE —"COLLECTED AND RECEIVED."

   Where a complaint demanded judgment that a co-tenant in possession account for rents and profits thereof received by him, and an interlocutory judgment directed the referee to take and state an account of the rents and profits collected and received, the rents and profits "collected and received" could only mean what he actually collected, less what he during the same time paid out, and, the interlocutory judgment being affirmed on appeal by the Appellate Division and Court of Appeals, the question cannot be again raised on appeal from the final judgment; Code Civ. Proc. § 1316, providing that an appeal from a final judgment brings up for review an interlocutory judgment which has not already been reviewed upon a separate appeal, and section 1350 providing that an appeal to the Appellate Division from a final judgment after its affirmance upon appeal of an interlocutory judgment brings up for review only the proceedings to take the final judgment, or upon which it was taken.

5. REFERENCE—SCOPE—EFFECT OF INTERLOCUTORY JUDGMENT.

   Where an interlocutory judgment directed a referee to state an account of rents and profits of premises collected and received by a co-ten-

ant for more than six years before the commencement of the action, the referee had no power to pass upon the question whether the co-tenant should account for rents and profits received during that whole period.

6. PARTITION—DAMAGES—RETENTION OF LAND—STATUTORY PROVISIONS.

Code Civ. Proc. § 1531, providing that in actions to recover real property plaintiff, if he recover judgment for the property or its possession, is entitled to recover the rents and profits or the value of the use and occupation of the real property recovered for a term not exceeding six years, applies only to actions of ejectment.

7. PARTITION—DAMAGES—APPORTIONMENT OF RENTS.

There is no provision limiting the time for which rents may be apportioned in actions for partition; Code Civ. Proc. § 1589, providing that nothing contained in the article (on partition) prevents the court from adjusting the rights of one or more of the parties as against any other party or parties by reason of the receipt by the latter of more than his or their proper proportion of the rents or profits of a share or part of a share.

Appeal from Trial Term.

Partition by William C. Adams and another against Elias L. M. Bristol, impleaded with others. From the final judgment, defendant Bristol appeals. Reversed and remitted to referee, unless plaintiff consents to modify judgment.

See 114 App. Div. 390, 100 N. Y. Supp. 145; 187 N. Y. 547, 80 N. E. 1104.

Argued before INGRAHAM, McLAUGHLIN, LAUGHLIN, HOUGHTON, and SCOTT, JJ.

Arthur O. Townsend, for appellant.

Payson Merrill, for respondents.

McLAUGHLIN, J. This appeal is from a final judgment in an action for the partition of real property. The premises were originally owned by one William Henry White, husband of Matilda White. By his will he gave all his property, real and personal, to his wife, who, upon his death, took possession. Subsequently she married the defendant Bristol, and on the 14th of September, 1891, died. Bristol, claiming under her will, entered into possession of the property in question, and has since remained in possession, either in person or by tenants. The action was brought in 1904, the plaintiff claiming an interest in the real property described in the complaint under a trust deed executed in 1875 by William Henry White. After a trial of the issues an interlocutory judgment was entered, which adjudged that the defendants Hull and Bristol were seised each of an undivided one-third part of the premises, and the plaintiff William C. Adams and the defendants Samuel F. Adams and Sarah T. Adams each of a one-ninth part. It further decreed that the premises should be sold and a referee was appointed therein for that purpose, who was directed to take and state an account of the rents and profits received by the defendant Bristol since the 14th day of September, 1891, and determine what proportion thereof was due and payable to any of the parties to the action.

Attention is called to the fact that the plaintiff Adams and the defendants Samuel F. Adams and Sarah T. Adams did not become seised of an interest in the premises until 1897, upon the death of their

mother, Alice Adams, the owner of an undivided one-third; but, as she died intestate as to this property and they are her only heirs at law, and are also her executors, the error is of no importance on this appeal.

The defendant Bristol appealed from the interlocutory judgment, and the same was affirmed by this court (sub nom. Adams v. Adams, 114 App. Div. 390, 100 N. Y. Supp. 145), and the order of affirmance, in turn, affirmed by the Court of Appeals (Adams v. Bristol, 187 N. Y. 547, 80 N. E. 1104). Upon the accounting before the referee, the respondents claimed that, since Bristol had been in possession under claim of exclusive ownership, he should be charged with the rental value of the premises, instead of the rents actually received. He claimed that he could not be charged with any rents which had accrued more than six years prior to the commencement of the action, and, in any event, only for rents actually received. After the death of his wife the premises were vacant for a considerable period, at other times rented to tenants, and at intervals occupied by himself. The referee reported that Bristol should be charged with the net rental value of the premises from September 14, 1891, to October 24, 1907, which he found to be $27,323.21, two-thirds of which sum he reported should be paid to the other tenants in proportion to their respective interests from Bristol's share of the proceeds of the sale. The final judgment modified this slightly by striking out the charge for rents after May 6, 1907, the day on which title was to be taken under the terms of sale, but was otherwise in accordance with the report of the referee.

The sole question presented by this appeal is whether the rents and profits for the time Bristol was in possession of the premises were correctly determined and apportioned. I do not think they were. In the absence of an agreement to the contrary, a tenant in possession of real property is liable to account to his co-tenant only for what he actually receives, and then he is entitled to an allowance for taxes paid and for keeping the premises in ordinary repair. Hannan v. Osborne, 4 Paige, Ch. 336; Roseboom v. Roseboom, 15 Hun, 309, affirmed 81 N. Y. 356; Rich v. Rich, 50 Hun, 199, 2 N. Y. Supp. 770; Le Barron v. Babcock, 122 N. Y. 153, 25 N. E. 253, 9 L. R. A. 625, 19 Am. St. Rep. 488. And, if he actually occupies the premises himself, the same rule applies. Rich v. Rich, supra; Ford v. Knapp, 102 N. Y. 135, 6 N. E. 283, 55 Am. Rep. 782; Arthur v. Arthur, 76 App. Div. 330, 78 N. Y. Supp. 486; Cosgriff v. Foss, 152 N. Y. 104, 46 N. E. 307, 36 L. R. A. 753, 57 Am. St. Rep. 500; Havey v. Kelleher, 36 App. Div. 201, 56 N. Y. Supp. 889. And, where one tenant in common is in possession, supposing himself to be entitled to the whole premises, and makes valuable improvements therein, he will under some circumstances be entitled to an equitable partition so as to give him the benefit of the improvements. Town v. Needham, 3 Paige, Ch. 545, 24 Am. Dec. 246; Conklin v. Conklin, 3 Sandf. Ch. 64; St. Felix v. Rankin, 3 Edw. Ch. 323; Jones v. Duerk, 25 App. Div. 551, 49 N. Y. Supp. 987. A tenant in common is only liable for mesne profits when he has ousted his co-tenant. Zapp v. Miller, 109 N. Y. 51, 15 N. E. 889. Here, the defendant Bristol undoubtedly, upon the

death of his wife, believed that he held title to the entire property under her will, but it does not appear that he asserted this title against his co-tenants or made any adverse claim against them, or that they knew of their interest in the property until about the time this action was commenced. Under such circumstances, the rule as to ouster does not apply, nor does the assertion in his answer that he owns the entire title make it applicable from the death of his wife. Just when and under what circumstances a tenant who is in the actual occupancy of real property may charge against his co-tenant amounts paid for valuable improvements, taxes, or repairs is an interesting question, but largely depends upon the facts of each case. Ford v. Knapp, supra. It is, however, unnecessary to further consider that question at this time, because it is not properly before us. The complaint demands judgment that the defendant Bristol "account to the plaintiff and to the other owners of the said premises for the rents and profits thereof received by him," and the interlocutory judgment directed the referee to "take and state an account of the rents and profits of said premises collected and received" by the defendant Bristol since the 14th day of September, 1891. The rents and profits "collected and received" can only mean what he actually collected, less what he, during the same time, paid out. The respondents did not appeal from the interlocutory judgment, but on Bristol's appeal it was affirmed by this court and by the Court of Appeals. That being so, the question suggested cannot now be raised. Taggart v. Hurlburt, 66 Barb. 553; Code Civ. Proc. §§ 1316, 1350.

The same considerations apply to Bristol's claim that he could not be compelled to account for the rents and profits for more than six years before the commencement of the action. While the interlocutory judgment provides that the referee shall "ascertain and determine what proportion, if any, of said rents is due and payable to any of the parties to this action," it directed him to take the account from the 14th day of September, 1891. This was a useless provision if nothing could be recovered for the seven years prior to 1898, or six years before the commencement of the action. The referee correctly held that he could not pass upon that question. Taggart v. Hurlburt, supra. But, if the provision of the interlocutory judgment could be ignored in this respect—which it cannot—there does not seem to be any basis for the claim. Section 1531 of the Code of Civil Procedure applies only to actions for ejectment. There does not seem to be any provision limiting the time for which rents may be apportioned in actions for partition (section 1589, Code Civ. Proc.), and apportionments for much longer periods have frequently been made (Havey v. Kelleher, 36 App. Div. 201, 56 N. Y. Supp. 889; Arthur v. Arthur, 76 App. Div. 330, 78 N. Y. Supp. 486).

It follows that the referee erred in charging Bristol with the rental value of the premises during the time he was in possession. He should have charged him with the net rents actually received. What he actually did receive can be determined from the findings and from the record. It appears that he received for rentals $10,623.90, and paid out for repairs while the premises were rented $973.17, and also paid for taxes while the premises were rented or vacant $3,715.15, leaving

a balance of $5,935.58 properly chargeable against him. These figures are substantially the same as those given in the appellant's brief, and, while under the circumstances it is at least doubtful if Bristol is not entitled to be credited also with the taxes paid and the amount spent for necessary repairs while he himself was in possession (Arthur v. Arthur, supra; Havey v. Kelleher, supra; Rich. v. Rich, supra), nevertheless I think, if this conclusion be adopted, substantial justice will be done to all the parties.

The judgment appealed from, therefore, is reversed, and the case remitted to the referee, to make further findings in accordance with this opinion, unless respondents consent to modify the judgment by making the amounts payable from Bristol's share of the proceeds of sale as follows: To the respondent Hull, $1,978.53; to the respondents William C. Adams, Samuel F. Adams, and Sarah T. Adams, each $659.51, and, if such consent be given, then the judgment is affirmed without costs in this court. All concur.