HELEN M. BRADLEY, Respondent, v. CATHERINE M. BRADLEY, Individually and as Special Guardian of HELEN M. BRADLEY, Respondent, and CATHERINE GRAHAM and Others, Appellants.— Interlocutory judgment of the County Court of Suffolk county reversed upon the law and the facts and new trial ordered, without costs. We are of the opinion that the determination of the County Court that plaintiff is the owner of an undivided half interest in the property was correct. The surrogate had no authority to entertain proceedings for the sale of the infant's real estate in face of the provision of the will that it should not be divided until the infant reached the age of twenty-one. (Rogers v. Dill, 6 Hill, 415.) The petition in the proceedings to sell the infant's real estate made no reference to the will, so it cannot be said that there was a determination that the property could be sold under the terms of the will. It was error to hold that Catherine M. Bradley had any interest in this realty, since she had sold her interest to defendant Graham. Defendant Graham paid over $3,000 in discharge of the mortgage of $2,800 and interest. She is thus entitled to contribution from plaintiff. (Peck v. Peck, 110 N. Y. 64.) This may be provided for in the interlocutory judgment. (Civ. Prac. Act, § 1038.) Defendant Graham holds a mortgage on the undivided share of defendants O'Donohue. The rights between Graham and the O'Donohues should be determined in the interlocutory judgment (§ 1038, supra). Defendants Graham and the O'Donohues have spent moneys for repairs and improvements. It may be that they are entitled to contribution from plaintiff for necessary repairs and improvements. (Cosgriff v. Foss, 152 N. Y. 104; Ford v. Knapp, 102 id. 135.) Taxes paid by defendant Graham and defendants O'Donohue and the amount received by plaintiff out of the sale should be considered (Clute v. Clute,

* See 227 App. Div. 811.— [REP.

197 N. Y. 439; *Adams* v. *Bristol*, 126 App. Div. 660; affd., 196 N. Y. 510), as also rentals received by these defendants, upon any adjustment of the accounts of the parties. In our opinion, all of these matters can best be determined before the entry of the interlocutory judgment. Findings inconsistent herewith are reversed. Lazansky, P. J., Rich, Kapper, Seeger and Scudder, JJ., concur. Settle order on notice.