338

John H. Gordon and Others, Plaintiffs, *v.* Dora Schroeder and Others, Defendants.

Supreme Court, Queens County, November 6, 1930.

*Hallinan & Groh*, for the plaintiffs.

*Frederick W. Ritter*, for the defendants.

Norman Salit, Referee. The plaintiffs John H. Gordon and Helen Henninger and the defendant Dora Schroeder are brother and sisters and together own as tenants in common, by virtue of their being the only heirs at law and next of kin of their mother, Mary Gordon, deceased, the premises which are the subject of this partition action. Lena Gordon is the wife of the plaintiff John H. Gordon; Florence Ehlers is the holder of a mortgage on the property and is not properly a party to this action.

The mother, Mary Gordon, died January 30, 1914, intestate, seized of the said property, and leaving her surviving her husband,

John Gordon, and no other heirs at law or next of kin except her aforesaid three children. From the evidence it appears that the father, Dora Schroeder and Helen Henninger lived together in the premises until 1925 when Mrs. Henninger left to live elsewhere. In 1925 the father left the premises to live with Mrs. Henninger. In 1927 he died. It appears that the defendant Mrs. Schroeder is and has been in possession of the premises since the death of her mother.

The plaintiffs seek a partition of the property. There is no dispute as to the title thereto or as to the interests therein of the said John H. Gordon, Helen Henninger and Dora Schroeder. The defendant Dora Schroeder, however, claims an allowance of the moneys paid out by her in maintaining, repairing and improving the premises. Against this, the plaintiffs claim a duty on the part of a cotenant in possession of the premises to make such expenditures; set off their proportionate share of the rentals received by the said defendant Dora Schroeder from roomers she accepted in the said premises, and contend further that from 1914, the year of the death of their mother, to 1927, the year of the death of their father, the said moneys claimed to have been expended by the defendant Dora Schroeder for the upkeep of the property should be deemed to have been made in lieu of payment of rent to the father, who held the existing estate by the curtesy. Defendant replies to this that her expenditures have given her an equitable lien on the premises.

Cases such as this must be decided on their own exclusive facts and conditions. (*Ford* v. *Knapp*, 102 N. Y. 135, at p. 141.) Application of this principle to partition actions is clearly stated in the following words: " The tenant out of the actual occupation who asks a court of equity to award him partition is entitled to relief only upon condition that the equitable rights of his cotenants shall be respected." (*Satterlee* v. *Kobbe*, 173 N. Y. 91, 99.) Where, as here, the plaintiffs have also contributed toward maintenance of the property they are entitled, of course, to an allowance for their said expenditures.

On the other hand, we think that the equities of the case should make the defendant cotenant in possession liable for the rentals she received from renting out part of the premises. The plaintiffs did not yield title to the property by living elsewhere. If they must bear their share of the expenses of maintenance, justice demands that they receive their share of the profits. " In the absence of an agreement to the contrary a tenant in possession of real property is liable to account to his cotenant. * * *" (*Adams* v. *Bristol*, 126 App. Div. 660, 662.) Defendant's contention

that the moneys received from roomers should not be construed as rent but rather as compensation for personal services cannot be allowed. The income in question came from one who was living in the premises; had he not lived there, the income would not have been received. We charge against the defendant only the moneys testified to have been paid to her by that roomer. The record shows others, but in the absence of explicit proof as to what rentals were paid by these others, we can charge her only with what the evidence shows clearly she received.

Plaintiffs' claim that the moneys expended by the defendant in possession should be deemed to have been made in payment of rent to the father, who holds the existing estate by the curtesy, cannot, we think, be upheld. It is true that the four essentials of an estate by the curtesy are present and that the father had such an estate. But we are of the opinion that the plaintiffs are prevented from urging this contention at this date by the doctrine of equitable estoppel. The testimony shows that the father conducted a stevedore business which was unprofitable and which he finally assigned to another. His only income thereafter was confined to a small pension. He did not possess the resources necessary to meet the various expenses incurred in maintaining the property. The testimony does not show that the plaintiffs, who must have had knowledge of all the facts in this case, objected to the expenditures by the defendant. It would be unfair, therefore, to say that they may now deprive the defendant of an allowance for their proportionate share of these expenditures and reap the profit thereof, as reflected in the increased sale value of the property, for themselves by calling attention to a circumstance with respect to which they have heretofore maintained silence. They held their peace when they might have spoken; now when they would speak, they may not. (*Jones* v. *Duerk*, 25 App. Div. 551, at p. 560.) The defendant claims an allowance based on the amount of $6,173.44 expended as aforesaid. Upon examination of the bills and receipts put in evidence by her and of the testimony, we have found those expenditures to be $6,188.28, not giving her credit for expenditures for plastering work, which are as yet unpaid, nor for the gas range for which no receipt has been exhibited. We have allowed her the plaintiffs' proportionate share, amounting to two-thirds, of the expenditures for taxes (*Ford* v. *Knapp, supra*, 143; *Adams* v. *Bristol, supra*) and for assessments and water charges, by analogy; for their share of interest on the mortgage covering the property (*Arthur* v. *Arthur*, 76 App. Div. 331), of ordinary and necessary repairs, including plumbing, painting and carpentry work, the necessity of which was not contested (*Adams*

v. *Bristol, supra; Eldridge* v. *Wolfe*, 129 Misc. 619), of the installation of steam heat, similarly not contested by the plaintiffs, and of the fee for recording the mortgage on the premises. No allowance has been credited her for the electrical work done, as no claim was made of the necessity thereof and, we do not think that cotenants out of possession should be made to bear the expense of a luxury enjoyed by the tenant in possession. There has been deducted from the net amount of these expenditures, which totals $6,108.03, the sum of $2,359, the amount of rentals received from one Joseph Walker, whose uncontradicted testimony shows him to have lived in the premises from July, 1923, to a day in October, 1924, and from September, 1924, to a day in October, 1929, or a total of approximately 337 weeks, at a rental of $7 per week, and also the sum of $285 paid by the plaintiffs for interest on the mortgage on the premises. The balance in favor of the defendant is $3,464.03, and since she is a holder of a one-third interest in the property she is entitled accordingly to an allowance of two-thirds of that amount. A more detailed exposition of the foregoing appears in the statement attached to my report and made a part thereof.

For the reasons indicated above I hereby find that the defendant Dora Schroeder is entitled to an allowance in this partition action of $2,309.36.