In the Matter of the Estate of ISABELLA HAZLEY, Deceased.

Surrogate's Court, Kings County, March 21, 1938.

*Frank M. Gordon,* for the petitioner Anna Oberender, as executrix, etc.

*Peter H. Ruvolo,* for the objectant James Hazley, beneficiary of trust in one-third of estate.

WINGATE, S. The present submission on the pleadings is the equivalent of a motion to strike out the objections to the account on the ground of their alleged legal insufficiency. (*Matter of Larney,* 148 Misc. 871, 872; *Matter of Hearn,* 158 id. 370, 372; *Matter of Shere,* 162 id. 788.)

As of the date of death the sole assets of the decedent consisted of an insurance policy in the sum of $407.16, household effects of nominal value and an old frame two-family dwelling at 129 Montauk avenue, Brooklyn.

By the terms of her will the testatrix specifically bequeathed the household effects to her two daughters. The remainder of her estate she devised and bequeathed, one-third to one of the daughters in

trust for the life benefit of a son with remainder to the two daughters individually, their issue or their survivor, and the other two-thirds, one each to the two daughters as individuals.

The upper floor of the house has been continuously rented, the aggregate gross return therefrom during the period covered by the account totaling $2,481.50. The lower floor has been occupied by the daughter-residuary legatee other than the executrix-trustee. During a portion of the period, the life beneficiary-son resided with her, and it is asserted and not denied that his departure was wholly voluntary and that he has at all times been at liberty to reside in the premises if he so desired. No rental was paid by either of the beneficiary occupants.

The total cost of maintenance of, and repairs to, the property during the period has amounted to $3,367.02, all of which has been paid by the executrix, the deficiency of $1,120.70 over the rental receipts having been contributed from the personal funds of the executrix and the occupying daughter.

The account reflects the foregoing facts. The son interposed objections on alternative grounds, namely, *first*, that the executrix should have collected a reasonable rental from the occupying daughter, who was a tenant in common of the property, or *second*, that if this tenant in common was entitled to occupancy without the payment of rent, that the carrying charges of the property are an improper offset against the rentals received from the second floor tenants and that the items thereof as reflected in the account should be disallowed.

The house was sold by the executrix in the latter part of 1937 pursuant to an express power of sale contained in the will and the objector argues from this fact that title never passed to the tenants in common but that the realty was equitably converted as of the late of death. This is not by any means a necessary sequence from the fact and is negatived by the terms of the will. The residue of the estate was devised and bequeathed to the noted beneficiaries by words of absolute present gift. The power of sale accorded to the fiduciary was not mandatory. The testatrix merely said: " I * * * authorize and empower my executrix * * * in her * * * discretion " to lease and sell. It follows that no equitable conversion of the realty was effected (*Matter of Satterwhite*, 262 N. Y. 339, 343; *Harris* v. *Clark*, 7 id. 242, 261; *White* v. *Howard*, 46 id. 144, 162; *Gourley* v. *Campbell*, 66 id. 169, 173; *Newell* v. *Nichols*, 75 id. 78, 86; *Matter of Tatum*, 169 id. 514, 518; *Matter of Wainwright*, 248 App. Div. 336, 341; *Matthews* v. *Studley*, 17 id. 303, 309; affd., 161 N. Y. 633) and that title thereto must

be deemed to have vested in the two daughters as tenants in common subject to the authority for sale contained in the will, the occupying daughter receiving one undivided moiety and the accountant two, one in her individual, and the other in her fiduciary capacity.

That an individual tenant in common may occupy the property in question without incurring liability for the payment of rent or for use and occupation, so long as he does not exclude other cotenants from the exercise of similar rights is thoroughly settled in the law. (*Wood* v. *Phillips*, 43 N. Y. 152, 156; *Zapp* v. *Miller*, 109 id. 51, 57; *LeBarron* v. *Babcock*, 122 id. 153, 157; *Roseboom* v. *Roseboom*, 15 Hun, 309, 316; affd., 81 N. Y. 356; *Adams* v. *Bristol*, 126 App. Div. 660, 662; affd., 196 N. Y. 510; *Willes* v. *Loomis*, 94 App. Div. 67, 70; *Nassau County Trust Co.* v. *Saleeby*, 240 id. 900, 901; *Petrone* v. *Petrone*, 248 id. 908, 909; *Burchell* v. *Burchell*, 96 Misc. 600, 603.) It follows that the primary objection of the son is without legal merit and must be overruled.

The contention that the charge of the items specified in the account for the maintenance of the property is improper, remains to be considered. Without attempting an exhaustive analysis of the 246 items of expenditure, which range from five cents to $225 in amount, it may be observed that they include payments of taxes and water rates, general repairs, the installation of a new heating plant, shingling and painting the house and coal used in its heating during the period from January 1, 1928, to November 22, 1937.

The latest pertinent pronouncement by the Court of Appeals on the general subject of the varieties of expenditures which are properly to be prorated among tenants in common of real property is found in *Vlacancich* v. *Kenny* (271 N. Y. 164), in which it is observed (at p. 170): " Ordinarily, taxes and other proper charges against the property would have to be met by contribution between the tenants whether any rents were collected or not. If rents were collected and no charges were then outstanding, the rents and profits would be divided. Where one cotenant collects the rents from the common property, he may use them in meeting proper charges against the property * * *. This is because he is using the rents of the property for the protection of the interests of all tenants in the property."

The thought of " protection " intimated in the last sentence appears to be the theory underlying the authorization for expenditure in the usual situation, the *Vlacancich* decision itself holding (p. 171) that mortgage interest, " taxes and necessary charges " were proper for payment. The first two of these items were also approved as proper disbursements in *Arthur* v. *Arthur* (76 App.

Div. 330, 332). The inquiry must accordingly be, in each case, as to the connotation of " necessary charges." In *Minion* v. *Warner* (238 N. Y. 413, 418) payments for " repairs and the ordinary running expenses of the property " appear to have been considered proper. *Adams* v. *Bristol* (126 App. Div. 660, 662; affd., 196 N. Y. 510) expressly states that a cotenant in possession is entitled to allowance of expenditures " for keeping the premises in ordinary repair." The stated principle is also noted in the early case of *Hanan* v. *Osborn* (4 Paige, 336, 343) which further includes assessments levied against the property. In *Rich* v. *Rich* (50 Hun, 199, 200) the specification, in addition to interest and taxes, includes " water rents and necessary repairs."

Few decisions have been found which touched upon expenditures for new buildings and additions. In *Havey* v. *Kelleher* (36 App. Div. 201, 206) an allowance therefor was disapproved upon a showing that the tenant in possession erected them as a private business venture. This decision is predicated upon *Scott* v. *Guernsey* (48 N. Y. 106) in which the same result was attained. In *Ford* v. *Knapp* (102 N. Y. 135, 140), which was an action for partition, it was held that in courts of equitable jurisdiction considerable elasticity of decision would be indulged dependent upon the factual showings of individual cases.

The composite result of these decisions appears to be that a cotenant is responsible *pro rata* for all charges which are inevitable expenses of the property in question, such as mortgage interest, taxes, assessments, water rents and such repairs as may be necessary to keep the property in ordinary condition. In addition, depending on the factual demonstration made, he may be required to contribute his share of the cost of running the property and possibly of actual betterments if the composite showing indicates that the expenditures therefor were made in the common interest, and not merely for the private advantage of the cotenant making the expenditure. If a cotenant is absolutely so liable, it is obvious as an *a fortiori* matter, that expenditures for such purposes from rentals received are permissible.

In the case at bar it is impossible to determine, from a mere reading of the itemization of expenditures, as to whether certain of their number were for the common good or redounded solely to the private advantage of the occupying cotenant. The house, as noted, was a two-family dwelling. Obviously certain disbursements may have been necessary to maintain the building in a rentable condition and keep it rented, which would not properly have been expendable as against a cotenant had it been a one-

family house occupied solely by one of the cotenants herself. Such an item would be coal for which items aggregating some $483 are contained in the account. If the house had but a single furnace, it is conceivable that the rentability of the second floor would be contingent on the furnishing of heat by the landlord, upon which demonstration the purchase of coal would be justifiable as an ordinary expense of running the property for the joint interest. On the other hand, factual situations are readily conceivable in which the contrary would be the case.

In any event, in the face of objection to the enumerated admitted expenditures it is incumbent upon the accountant to demonstrate both the fact of their making and their propriety. (*Matter of Lester*, 172 App. Div. 509, 520; *Matter of Schummers*, 210 id. 296, 301; affd., 243 N. Y. 548; *Matter of Peck*, 79 App. Div. 296, 301; affd., 177 N. Y. 538; *Matter of Koch*, 33 Misc. 153, 154; *Matter of Fisher*, 124 id. 836, 839.) As to the former of these questions, the objections raise no issue. The propriety of all is, however, traversed and as to such items as are not obviously within the authorities hereinbefore considered, this issue must be tried.

The concrete result of the motion, therefore, must be that the sixth objection, to the failure of the accountant to charge herself with rental or for use and occupation of the premises by the occupying cotenant and those portions of the seventh to ninth, inclusive, which are addressed to the payment of taxes and ordinary carrying charges, will be dismissed. As to the balance of the items in Schedules C-2 and D, a judiciable issue of fact has been raised which can be determined only upon a hearing, and as to them the motion is overruled.

The issues of fact may be brought on for hearing by either party on usual notice.

Enter order on notice in conformity herewith.