## THIRD DEPARTMENT, NOVEMBER, 1957

### (November 15, 1957)

■ NATHANIEL S. GREENHAUS et al., Respondents, v. STATE OF NEW YORK, Appellant. (Claim No. 31242.)

Appeal from a judgment in favor of claimants, entered October 16, 1956, upon a decision of the Court of Claims.

*Per Curiam.* The State appropriated a portion of claimants' land for highway purposes for widening, straightening and grade changes in Route 199 near Red Hook, Dutchess County. The taking was a strip of land along the highway on claimants' farm, on a frontage of about 2,196 feet. The taking brought the edge of the State highway line and the pavement somewhat nearer to a tenant house dwelling.

There was a change in grade at this point causing water to run toward the house and into the cellar, which the claimants corrected by raising the level of the lawn at that point. A wire fence along the front of the property was replaced.

Claimants' real estate expert testified that before the taking the land had a value of $49,900 including the value of the parcel taken; that the remaining land after the taking had a value of $42,250; and that hence the loss in value by the taking was $7,650. The State's expert witness testified to values lower than these.

The court found that before the taking the land had a value of $45,000 and after taking a value of $41,000 and awarded claimants $4,000 as consequential damage. This seems to us to be well within the frame of the proof and to be reasonable and appropriate.

In the decision set forth in the findings the court expressed the view that the fact that the road is nearer to the tenant house and hence more noisy, the value of the premises was affected; and also noted, without comment on value one way or another, that the straightening of the highway following reconstruction has caused traffic to move at higher speeds than before.

No specified allocation of damage is shown to be attributed by the court to either of these matters of observation, and the general award of damage lies well within the frame of proof before the court on that subject. The court also noted that the reconstruction of the highway "has not benefited the premises"; but this negative observation, which is not shown to have been in any way reflected in the finding of damage, would become material only if the State were arguing that the straightening of the road would in some way improve the market value of the property to such an extent that the State would be entitled to offset against the award.

We do not understand the State to pursue such an argument; and in any event it would not be sustained by the evidence. Unless the State shows some

adverse effect of this observation it has not demonstrated prejudice on appeal. The award for providing fill to correct the drainage condition created by the State in the sum of $300 and the item for the new fence of $309.60 seem fair and warranted by the proof in the record. Thus, the judgment on the merits of the claim should be affirmed.

The State also argues on appeal that the Court of Claims was in error in the amount of interest allowed to the claimants in the findings and reflected in the judgment. The amount of this excess is $7.68.

The record before us does not show that this question was raised before or presented to the Court of Claims. The amount of interest is computed in the findings and thus reflected in the judgment. No counter findings are shown to have been submitted by the State with any different amount of interest. No motion to amend the findings is shown to have been made; and as far as this record discloses, no question was presented in any adversary manner on this issue to the Judge who decided the case, either by pleading, specification, motion, argument on the record, or before him, or in any other manner.

The respondents' brief indicates that had the question been raised in the Court of Claims they "would undoubtedly have stipulated" to waive the small amount. In this state of the record the question as to the portion of the interest involved is not saved for review. (*Kramer* v. *Brooklyn Heights R. R. Co.*, 190 N. Y. 310; *Goldstein* v. *Connecticut General Life Ins. Co.*, 248 App. Div. 790; *Hirschberg* v. *Bertal Textile Co.*, 238 App. Div. 338, 341; cf. *Havey* v. *Kelleher*, 36 App. Div. 201, 208.)

The judgment should be affirmed, with costs to respondents.

Foster, P. J., Bergan, Coon, Halpern and Gibson, JJ., concur.

Judgment affirmed, with costs.