In the Matter of the Estate of ADDISON N. BAKER, Deceased.

Surrogate's Court, Orange County, August 13, 1937.

*Arthur M. Payne* and *Russell Wiggins* for The First Merchants National Bank & Trust Company of Middletown, as administrator with the will annexed.

*Watts, Oakes & Bright* [*Charles C. Redfield* of counsel], for the objectant.

TAYLOR, S. The decedent by his will devised and bequeathed all his property, after the payment of debts, funeral and testamentary expenses, to his wife, and authorized his executor to mortgage, lease or sell all or any part of the real property of which he might die seized.

The account shows that the personal property was far short of paying debts, funeral and testamentary expenses. The decedent owned real property which was incumbered.

The original account did not show the receipt and disbursement of rent received from this real property, but a " supplemental " account has been filed which shows the receipt of rent, amounting to $8,206.75 from April 2, 1931, to January 13, 1937, and of this amount $8,174.44 has been disbursed for divers purposes.

Instead of the personal representative taking charge of the real property and collecting rents, this work was done by the attorney for the estate by virtue of a power of attorney from the widow-

devisee, and probably with the acquiescence of the administrator with the will annexed.

The first objection is to the payment out of rent receipts to have certain properties released from the liens of mortgages and for the payment of back taxes in order to better effectuate sales of these properties.

The second objection to the sufficiency of the purchase price of these properties has been withdrawn.

The third objection is directed to the failure of the administrator with the will annexed to take charge of the real property of the decedent and collect and receive the rents therefor, and to the personal representative permitting its attorney to take charge of the property.

Objection No. 4 is to all the items of disbursements of rent except three totalling $8.25.

Objection No. 5 seems to be a recapitulation of the other objections.

In this court the petition, account and objections are the pleadings (*Matter of Hearns*, 214 N. Y. 426; *Matter of Sloane*, 135 App. Div. 703; *Matter of Woodward*, 69 id. 286; *Matter of Heuser*, 87 Hun, 262), and motions for judgment, or for dismissal, are the same as demurrers under the former practice. (*Matter of Hearn*, 158 Misc. 370; *Matter of Kirkman*, 143 id. 342; *Matter of Larney*, 148 id. 871; *Matter of Murray*, 159 id. 865.)

Judgment on the pleadings should not be granted if questions of fact are involved. (*Matter of Penna*, 160 Misc. 525; *Lowe* v. *Plainfield Trust Co.*, 216 App. Div. 72.)

It might be helpful to briefly explore the subject of the rights of executors and administrators in their decedents' real property.

Under our law, personal representatives take at least a qualified, if not absolute, title to personal property, but real property, upon its owner's death, vests immediately and absolutely in the decedent's devisees or heirs at law, possession or management thereof being now placed with the personal representative for certain limited purposes if the circumstances so require.

Under the English law the personal representative acquires title not only to the personal property but to the real property as well, conveying the latter to the heirs or devisees, as the case may be (English Administration of Estates Act 1925, 15 George V, chap. 23), but the " Commission to Investigate Defects in the Laws of Estates " did not see its way clear to go quite so far as the English law in its initial revision. (Legis. Doc. 1928, No. 70, p. 85.)

Instead of selling real property, particularly when the deficiency of personal property for the payment of debts, etc., is small, the

Commission recommended that executors and administrators be allowed to take possession of real property, collect the rents and apply the proceeds to the payment of debts. (Surr. Ct. Act, § 232; Dec. Est. Law, §§ 13, 123.)

In passing, it should be observed that section 123 of the Decedent Estate Law refers to administrators and not executors. (*Matter of Ryan*, 161 Misc. 313.)

Pursuing the Commission's thought to permit estate representatives to collect rents, the statute was amended to require an administrator to furnish a bond not only for the amount of the personal property but for eighteen months' gross rent. (Surr. Ct. Act, § 121.)

This statutory right to collect rents has been characterized as an additional " asset " of the estate. (*Matter of Burstein*, 153 Misc. 515, 518.)

A creditor upon a judicial accounting, and even after the expiration of the eighteen months' period of the lien of debts, could require the sale of real property. (*Matter of Cunniff*, 272 N. Y. 89.)

Having the right to take possession of real property, collect the rents and pay debts, etc., therefrom, if the personal property be insufficient therefor, which has been characterized as an " asset," it would be the duty of the personal representative, in a proper case, to adopt this course.

Counsel for the administrator with the will annexed argues that the personal representative is entitled to a reasonable length of time to ascertain the condition of the estate. Conceding this argument to be sound, there can be no doubt that what is a " reasonable length of time " is a question of fact.

It may very well be that the administrator with the will annexed in collecting the rents and disbursing them for the upkeep of the property was acting for the best interests of the estate (See *Matter of Phelps*, 162 Misc. 703), but this is something to be determined as a fact from all the circumstances.

Questions of fact may be presented with respect to the necessity for and reasonableness of the amounts paid for releases of mortgages, repairs to the real property, etc., and these issues should not be determined upon a motion for dismissal of the objections.

The motion to dismiss the objections is denied.

Settle order on two days' notice, or by consent.