LUCILLE LIMBERG, as Administratrix, etc., of CHARLES A. LIMBERG, Also Known as CHARLES LIMBERG, Deceased, Plaintiff, *v.* WILLIAM C. LIMBERG, Defendant.

Second Department, April 24, 1939.

*Matthew J. Shevlin*, for the plaintiff.

*Frederick W. Ritter*, for the defendant.

ADEL, J. This is a submission of controversy on an agreed statement of facts. The sole question is whether plaintiff, the administratrix of the goods, etc., of Charles A. Limberg, deceased, may, under section 123 of the Decedent Estate Law, collect rent from the defendant, who is one of the decedent's heirs at law and is occupying a portion of the decedent's real property.

The defendant is a son of the decedent. Both before and since the death of his father, who died after the effective date of the statute, the defendant resided in and has continued to reside in one apartment of a two-family house owned by the decedent. The administratrix was appointed on April 29, 1938, and in this submission asks for judgment against the defendant in the sum of $405, which represents the agreed value of the use and occupation of the portion of the premises occupied by the defendant for the nine months next following the date of the administratrix's appointment.

The administratrix has taken control and management of the real property of the decedent and collects the rents thereof (except that defendant has refused to pay for his occupancy) and the administratrix pays the expenses of the property. The defendant is the only one of the heirs at law occupying any portion of the real property. The rents collected for the portion of the prop-

erty not occupied by defendant exceed in amount the carrying charges of the property.

It is specifically agreed that, although the administration proceedings have not been completed, the assets in the administratrix's possession, exclusive of any moneys which the defendant might pay as rent, exceed the total liabilities and possible expenses of the administration.

The statute under which the administratrix claims the right to collect rents from the defendant is section 123 of the Decedent Estate Law (Laws of 1929. chap. 229), in effect September 1, 1930, which reads as follows:

" § 123. Power of administrator over real property. The administrator of a decedent who dies after the thirty-first day of August, nineteen hundred and thirty, shall have power to take possession of the real property of such decedent, and any interest therein, and to manage the same and to collect the rent thereof. Such administrator may sell, mortgage or lease the same subject to the limitations and in the manner authorized by the provisions of article thirteen of the Surrogate's Court Act."

The defendant's resistance to paying rent to the administratrix is solely on the ground that he is one of the heirs at law of the decedent and as such has title to the property. The administratrix is also one of the heirs at law; and the defendant contends that it is well established that a tenant in possession of real property is not liable to his cotenant for use and occupancy, citing *Adams* v. *Bristol* (126 App. Div. 660) and *Matter of Grace* (138 Misc. 348). It is true that a tenant in common is not liable to his cotenant for mere use and occupancy (as distinguished from rents actually collected), although that general rule is subject to certain modifications; such, for example, as when one tenant occupies to the exclusion of the other. (*Zapp* v. *Miller*, 109 N. Y. 51.) But these rules apply as between tenants themselves, and not as between a tenant and an administratrix, which is the relationship of the parties to this controversy. We find no difficulty in distinguishing between the plaintiff's status as a representative of the estate and her status as one of the heirs at law. The language of the statute expresses no exception to the administratrix's power, such as would indicate that it was intended to exempt the defendant from payment of rent; and we believe it must be construed to mean that upon the administratrix's making a demand, she is exercising the power conferred by the statute, and that the title of the heir at law in possession is, during the administration, subject to the representative's power to possess, manage and collect the rents of the realty.

It must be admitted that there is weight to the argument that inasmuch as the administratrix has no need for additional funds to meet the obligations of the administration, it is useless to permit her to collect rents from the statutory distributee, a share of which will have to be returned to him upon distribution of the proceeds of the administration; but we believe that if in each case the representative's right to collect rents is to be conditioned upon a showing of necessity for funds, the intention of the statute will be seriously impaired.

Judgment should be directed in favor of plaintiff in the sum of $405, and, as agreed in the stipulation, without costs.

LAZANSKY, P. J., and JOHNSTON, J., concur; HAGARTY, J., with whom TAYLOR, J., concurs, dissents and votes for direction of judgment in favor of defendant, with memorandum.

HAGARTY, J. (dissenting). Section 123 of the Decedent Estate Law does not presume to affect the well-settled rule that personalty passes to an administrator by operation of law, and that debts of the estate, ordinarily, are to be satisfied therefrom; whereas realty vests in the heirs and passes directly to them at the time of death of the intestate. The power conferred upon an administrator to take possession of real property may not be arbitrarily exercised. It may be exercised, ordinarily, only when recourse to the realty is necessary in order to satisfy debts of the estate. Taking possession of the realty by an administrator without substantial basis therefor is a futile and meaningless act, depriving the owner of enjoyment thereof without cause. The agreed statement of facts contains nothing to warrant the administratrix in taking possession of the realty in the case at bar, but to the contrary, it is stated that " the total assets, exclusive of any and all claims of the administratrix against William C. Limberg, exceed the total liabilities, including all possible administration expenses."

I dissent and vote to direct judgment in favor of defendant.

TAYLOR, J., concurs.

On agreed statement of facts, judgment directed for plaintiff for the sum of $405, without costs.