In the Matter of the Judicial Settlement of the Account of Proceedings of WILLIAM M. GEIGER, as Executor, etc., of PAUL GEIGER, Late of Queens Village, Deceased. MARY ANNA PLATZ, Appellant; WILLIAM M. GEIGER, as Executor, etc., of PAUL GEIGER, Late of Queens Village, Deceased, and MARION WILDE, Respondents.— Decree of the Surrogate's Court of Queens County, in so far as it disallows the claim of Mary Anna Platz for services claimed to have been rendered to the decedent and directs distribution, unanimously affirmed, with costs to executor-respondent, payable by appellant personally. Appeal from decision dismissed, without costs. No opinion. Present — Lazansky, P. J., Carswell, Johnston, Adel and Close, JJ.

In the Matter of the Application of THOMAS A. SCARANE, Doing Business as SCARANE RIPLEY COMPANY for an Order Directing BENJAMIN RAPPAPORT, as Administrator with the Will Annexed of the Estate of LILLIAN RAPPAPORT, Deceased, to Pay a Claim for Real Estate Brokerage Commissions. BENJAMIN RAPPAPORT, as Administrator, etc., of LILLIAN RAPPAPORT, Deceased, and MORRIS MARLOW, Special Guardian of ANNETTE RAPPAPORT and IRVING RAPPAPORT, Infants, etc., Appellants; THOMAS A. SCARANE, Doing Business as SCARANE RIPLEY COMPANY, Respondent.— Decree of the Surrogate's Court, Queens County, directing the administrator to pay the respondent, Thomas A. Scarane, the sum of $675, with interest, as real estate brokerage commissions for bringing about the sale of certain premises owned by the estate, unanimously affirmed, with costs to respondent, payable out of the estate. No opinion. Present — Lazansky, P. J., Carswell, Johnston, Adel and Close, JJ.

In the Matter of the Administration of the Goods, Chattels and Credits of DELIA A. WADE, Late of 45–19 30th Avenue, Long Island City, in the Said County of Queens, Deceased, Intestate. LOUIS WADE, Appellant; MARIE F. BIGHAM, Respondent.— Appeal from a decree of the Surrogate's Court, Queens County, granting letters of administration. Decree unanimously affirmed, with costs to respondent, payable out of the estate. In granting administration, the surrogate acted with lawful authority and exercised sound discretion. (Surr. Ct. Act, § 236; Dec. Est. Law, § 123; Limberg v. Limberg, 256 App. Div. 721; affd., 281 N. Y. 821.) Present — Lazansky, P. J., Hagarty, Carswell, Adel and Taylor, JJ.