Department of Housing and Buildings of the City of New York. Determination unanimously confirmed, without costs. No opinion. Present — Close, P. J., Hagarty, Johnston, Adel and Lewis, JJ.

In the Matter of WILLIAM G. DREW, Petitioner, against WILLIAM WILSON, as Commissioner of the Department of Housing and Buildings of the City of New York, Respondent.— Proceeding under article 78 of the Civil Practice Act to review the determination of the respondent who, after hearings, dismissed the petitioner from his employment as a plumbing inspector in the Department of Housing and Buildings of the City of New York. Determination unanimously confirmed, without costs. No opinion. Present — Close, P. J., Hagarty, Johnston, Adel and Lewis, JJ.

In the Matter of FRANK J. HERLIHY, Petitioner, against EVANS WARD et al., Constituting the Westchester County Park Commission, Respondents.— Proceeding under article 78 of the Civil Practice Act to review determination of respondents in dismissing petitioner from the position of patrolman in the Westchester County Parkway Police Force. Determination unanimously confirmed, without costs. No opinion. Present — Hagarty, Acting P. J., Carswell, Johnston, Adel and Aldrich, JJ. [See post, p. 755.]

In the Matter of THOMAS C. HUGHES, as Acting District Attorney of Kings County, Appellant, against COUNTY COURT OF KINGS COUNTY, FRANKLIN TAYLOR, a Judge of the County Court of Kings County, SAMUEL GOLDMAN and PHILIP BIALER, Respondents.— Order denying appellant's motion for an order prohibiting the respondents from proceeding under an order granting an inspection of grand jury minutes unanimously affirmed, without costs. No opinion. Present — Hagarty, Acting P. J., Carswell, Adel, Lewis and Aldrich, JJ.

In the Matter of JOHN A. POWELL, Petitioner, against WILLIAM WILSON, as Commissioner of the Department of Housing and Buildings of the City of New York, Respondent.— Proceeding under article 78 of the Civil Practice Act to review the determination of the respondent who, after hearings, dismissed the petitioner from his employment as a plumbing inspector in the Department of Housing and Buildings of the City of New York. Determination unanimously confirmed, without costs. No opinion. Present — Close, P. J., Hagarty, Johnston, Adel and Lewis, JJ.

In the Matter of Compensation of GEORGE A. NAGLE, Respondent, an Attorney, for Services Rendered to the Estate of THERESA WICKS, Deceased. CLIFTON R. ENGLER et al., as Executors of THERESA WICKS, Deceased, Appellants.— Decree of the Surrogate's Court of Nassau County, fixing respondent's compensation for services rendered to the estate and directing the executors to pay it out of the funds of the estate, reversed on the law and the facts, without costs, and the petition dismissed, without costs. Admittedly respondent, who was attorney for one of the distributees, urged the executors to prosecute the estate's claim against George Wicks in the Supreme Court. Although that action resulted in increasing the estate by upwards of $8,000, it was prosecuted by the attorney for the executors and the successful result was due to his efforts. Respondent was not retained by the executors and whatever services he rendered were performed at the request and in the interests of his client. Close, P. J., Hagarty, Johnston, Lewis and Aldrich, JJ., concur.

MORRIS R. NIMAN, Appellant, v. RUTH B. NIMAN, Defendant. MYRON KOMMEL, Owner-Appellant; MORRIS F. GOLDSTEIN, Tenant-Respondent.— In an action for specific performance of an agreement to convey real property, after judgment a motion for an order in the nature of a writ of assistance to remove an