In the Matter of the Accounting of JOHN COYNE, as Executor of JOHN COYNE, Deceased. EDWARD SYRON, SR., et al., Respondents; JOHN COYNE, Individually and as Executor of JOHN COYNE, Deceased, Appellant.— The executor appeals from a decree of the Surrogate's Court, Westchester County, settling his account as executor, whereby items relating to income and expense in connection with certain real estate and claims for accrued rent, by reason of a devisee's possession thereof, were eliminated therefrom. The controversy concerns the right of the executor to set off against such devisee's share in the estate the amount of rent due from her under a written agreement entered into by all the heirs and devisees, permitting her to occupy the premises at a monthly rental of $25. The Surrogate's. Court has held that the executor was without power to manage the real estate; that the court had no jurisdiction over the agreement purporting to confer upon the executor the authority to manage the property and collect the rents; and that the items of the account relating to rentals, disbursements and the management of the real estate were not properly a part of the accounting and should be eliminated from the schedules. In our opinion, this was error. Although the personal property left by the decedent was more than sufficient to pay the debts, funeral expenses and administration expenses, the executor had the power to take possession, collect the rents and manage the real property by virtue of section 13 of the Decedent Estate Law. The real property in question passed under the residuary clause of the will, by which "All the rest, residue and remainder" of the testator's estate was directed to be divided among his four children in equal shares. Under such circumstances, the limitation upon the executor's authority to manage the realty, contained in clause (c) of subdivision 2 of section 13, to the effect that the power did not include "such real property as has been specifically devised to any one person not under disability," is inapplicable. There was not a specific devise to one person, but a general devise to four. As the executor had authority to manage the property and collect the rents, the items relating thereto were properly part of his account; and the court had jurisdiction to determine all the questions necessary in order to make a full and complete disposition of the matter, including the right of the executor to set off the claim for accrued rent against the share of the devisee, and the amount of such claim. (Surrogate's Ct. Act, § 40; *Matter of Limberg,* 281 N. Y. 463; *Matter of Adele E. Flint,* 120 Misc. 230, affd. 206 App. Div. 778.) It was also error to grant an allowance to the attorney for the respondents, payable out of the estate. Such an allowance is justified only if the services which were performed benefited the estate. (Surrogate's Ct. Act, § 231-a; *Matter of Cannariato,* 159 Misc. 409; cf. *Matter of Wicks,* 269 App. Div. 675.) The decree is reversed on the law, with costs to appellant, payable out of the estate, and the matter is remitted to the Surrogate's. Court for further proceedings in accordance with this memorandum. Close, P. J., Hagarty, Johnston, Lewis and Aldrich, JJ., concur.