In the Matter of the Estate of BERNARD KLEIN, Deceased.

Surrogate's Court, Broome County, December 13, 1946.

■■■■■■

■■■■■■■■■

■■■■■■■■■

■■■■■■■■■

*George W. Eisenhart* and *Sidney H. Singer* for Mary K. Roberts, petitioner.

*John R. Normile* for Leopoldine Klein, respondent.

PAGE, S. This is a proceeding pursuant to article 13 of the Surrogate's Court Act instituted by petitioner, Mary K. Roberts, as one of three devisees of certain real property of which the above-named decedent died seized on or about the 1st day of August, 1941. By paragraph " Second " of testator's will, the said real property, designated as No. 26 Highland Avenue, Binghamton, New York, was devised to " my wife Leopoldine Klein, and my daughters Sophie E. Preece and Mary K. Roberts, share and share alike." The property consists of a city lot on which there was, at testator's death, and still is, a house (understood to have been converted by the widow, Leopoldine Klein, into a two-family dwelling), of which she has been in possession since testator's death up to the present time.

The executor nominated by the will and, upon its probate, duly appointed as such, is a son of testator, Benjamin Klein. He has taken no active part in the present controversy.

It is to be noted that this proceeding was instituted by one of the three devisees, not, as in the usual case, by the legal representative. A tenant in common by devise is as much entitled to institute a proceeding of this character as the legal representative. This is so by virtue of the provision contained in the first sentence of section 236 of the Surrogate's Court Act: " A verified petition may be filed by an executor or administrator *or by any person interested* * * *." (Italics supplied.) There can be no question but that the petitioner in the present proceeding is a " person interested ".

The deceased left personal assets sufficient for the payment and discharge of all claims, debts and demands against his estate. The present proceeding is founded upon subdivision 6 of section 234 of the Surrogate's Court Act. This section prescribes the purposes for which real property is subject to disposition. A proceeding under subdivision 6 thereof is for the purpose of distribution and is not subject to the limitation of eighteen months, provided by section 233 of the Surrogate's

Court Act. Compliance with the other requirements provided by section 233 is shown, viz., the absence of any power of sale contained in the will is apparent by examination of it, and the status of the subject matter property as being nonexempt by law from levy and sale by virtue of execution is conceded.

Briefs submitted herein seem to indicate that counsel on each side of the question assumes that section 13 of the Decedent Estate Law governs the present situation. On behalf of the respondent widow, in opposition to the relief sought by her petitioning stepdaughter, it is contended that the statutory basis for authorizing the sale is wanting because the real property here in question was specifically devised. Her contention is that this circumstance renders section 13 of the Decedent Estate Law inapplicable. Against this, it is contended by the petitioner that the language of section 13, as contained in clause (c) of subdivision 2 thereof, viz., " (c) and shall not be deemed to include such real property as has been specifically devised to any one person not under disability at the time the sale, mortgage or lease takes effect, or to any one corporation capable of taking the same; " obviates the restriction in relation to specific devises; that this exception is inapplicable in the present instance because the property, which is the subject of a specific devise contained in the testator's will, was not so devised to " *any one person* ", but is, in legal effect, a tenancy in common among three devisees.

By reading section 13 of the Decedent Estate Law in its entirety, it becomes conclusively apparent that its scope and purpose is confined to dealing with real property of an estate by an executor or other legal representative, or trustee, acting *under a last will and testament*. This is analogous to section 123 of the Decedent Estate Law as to an administrator, but each is exclusive of the other. The present proceeding was not initiated by the executor. It was instituted by one of three specific devisees. Therefore, in this connection, we are not in any way controlled by the provisions of section 13 of the Decedent Estate Law.

Moreover, if there were any conflict or inconsistency between section 13 of the Decedent Estate Law and provisions of any of the sections of article 13 of the Surrogate's Court Act, since there is no expressed preference stated as to the former, the latter would prevail. (See General Construction Law, § 101.)

The situation presented and determined in *Matter of Ryan,* (161 Misc. 313), is in no way analogous to or a precedent for consideration in the determination of the right of the petitioner herein to proceed pursuant to provisions of article 13 of the **Surrogate's** Court Act.

Within the scope and subject to the limitations of jurisdiction of the Surrogates' Courts, a proceeding under article 13 of the Surrogate's Court Act is as available, as a procedure designed for the purpose of liquidating cotenancies in real property, as is a partition action in a court of general jurisdiction. I reach the conclusion that the provisions of article 13 of the Surrogate's Court Act are applicable to the liquidation and disposition of the real property, the subject matter of this proceeding.

Proceed accordingly.