John D. Bennett, S.
In this accounting proceeding six objections have been filed by Clifford Fitz, committee for David Gandy, an incompetent, who is the son of the deceased.
The principal asset of the estate is a frame dwelling known as 90 South Franklin Street, Hempstead, New York, where during her lifetime the decedent maintained a rooming house. The accounting executrix continued the rental of rooms after the decedent’s death.
Objection number (1) alleges that the account “ fails to include rental received from one Curtis, who resided at said premises 90 South Franklin Street, Hempstead, from October 9, 1954, to December, 1956. ’ ’ This allegation was not sustained by the proof. There was no showing that an individual by the name of “ Curtis ” resided on the premises rent-free. Objection number (1) is therefore dismissed.
Objection number (2) was withdrawn by the objectant at the hearing.
Objection number (3) seeks to charge the executrix with the fair and reasonable rental of the room she occupied in said premises from October 9, 1954 to the date of said account, less one week, which she has paid to the estate in the amount of $15, and which amount is set forth in the account. The accountant objects to any surcharge as against her individually for rent on the theory that since she is a devisee (together with the objectant) of the premises in question, she cannot be charged for rent because she is a cotenant. It is the general rule that a cotenant is not liable to another cotenant for rent. American Law Reports, Second Series (Vol. 51, pp. 413, 414, § 8), states: “ The rule which prevails in the majority of jurisdictions, founded on the plainest principles of property ownership, is that, absent statute construed to work a different result (see § 11, infra), a tenant in common, joint tenant, or coparcener who has enjoyed occupancy of the common premises or some part thereof is not liable to pay rent to the others therefor, or to account to them respecting the reasonable value of his occupancy, where they have not been ousted or excluded ” (citing New York cases).
Where, however, there is an ouster, or where there are acts amounting to a denial of the rights of a cotenant, the tenant *474 in possession may be charged with rental (Limberg v. Limberg, 256 App. Div. 721, affd. without opinion 281 N. Y. 821 [1939]).
The court in Matter of Draser (81 N. Y. S. 2d 648, 651) discussed ouster, saying: “ It would seem, however, that the mere assumption of the power to manage the realty and collect rents under section 123 of the Decedent Estate Law is sufficient ouster of the cotenants to render a distributee in possession liable for rent. In Limberg v. Limberg, 256 App. Div. 721, 11 N. Y. S. 2d 690, affirmed 281 N. Y. 821, 24 N. E. 2d 488, an administratrix was authorized to recover rent from a distributee in possession. Her status as legal representative was held to be distinct from her status as an heir at law. The fortuitous circumstance in this case that the distributee in possession is the administratrix should not produce a different result. Although she occupies a dual position, as administratrix she owes a fiduciary duty to the other distributees to collect rent from all the occupants of the premises alike. Any other result would be inequitable. See, also, People ex rel. Sheftman v. McGuire, 281 N. Y. 713, 23 N. E. 2d 542; Matter of Burstein’s Estate, 153 Misc. 515, 275 N. Y. S. 601.” (See, also, Matter of Petersen, 103 N. Y. S. 2d 628 [1951]; Ann. 51 A. L. R. 2d 411.)
The court finds the reasonable rental to be $15 a week. Accordingly the executrix is surcharged such amount beginning with October 9,1954 to the date of her account, less one week.
The accountant stresses the fact that whether or not she is surcharged individually for rental, she has not charged the estate for managing the rooming house and the statutory fee of 5% for the collection of rents, which sum it is alleged should be in excess of any surcharge against her for rent. At the hearing testimony was introduced that the executrix had rendered substantial services in the management of the rooming house for the entire period she lived there. The court is of the opinion that in the interests of justice the accountant should be permitted to submit a supplemental account setting forth the reasonable value of any services rendered by the executrix to the estate in managing the rooming house (Matter of Gugliuzza, 131 N. Y. S. 2d 213, 215; Russell v. Hilton, 37 Misc. 642, 652, mod. 80 App. Div. 178,194, affd. 175 N. Y. 525). The respondent may, if he so chooses, file objections to such supplemental account or request a further hearing.
No evidence has been adduced at the hearing with relation to objection number (4) and it is therefore dismissed.
Objection number (5) relates to an expenditure of $44.06 for premiums on a life insurance policy insuring the life of David Gandy in the amount of $1,000, the named beneficiary being his *475 mother, Fannie G-andy, the deceased herein. The accountant paid the premiums on such policy from December 8, 1954 to February 5,1956 when she ceased paying any premiums on such policy. Because of the failure to pay premiums due in March, 1956, the policy lapsed and was converted to extended term insurance with a maturity value of $729 instead of the original face value of $1,000. The objectant seeks to surcharge the accountant the difference between these values on the basis that, without notice to anyone, she discontinued the premium payments on the policy.
At the hearing it appears to have been conceded by the parties that the payment of the premium of $44.06 was not, in the first instance, an estate obligation. Although such an objection to its payment was withdrawn at that time, the court reserved the right of the objectant to question the accountant’s failure to notify him of the discontinuance of premium payments.
However, the court is of the opinion that such objection cannot be sustained. Insurance must be accounted for as part of the principal of an estate only when it is payable to the estate or the representative. ‘ ‘ But if the insurance is payable to a named beneficiary, it is not part of the estate assets and the representative does not account for it.” (6 Jessup Redfield, Surrogates Law and Practice, § 5003, citing Matter of Gordon, 15 N. Y. S. 502, 60 Hun 586, affd. 131 N. Y. 658; see, also, 4 Jessup-Redfield, Surrogates Law and Practice, §§ 2977, 2978.) Here the insurance was payable to the deceased, and in the alternative to the estate of the objectant. The court is of the opinion that since the policy cannot be considered an asset of the estate, the accountant cannot be surcharged because of any loss incurred. Objection number (5) is therefore dismissed.
At the hearing the question of the payment of $57.55 for premiums on life insurance policies insuring the life of the accountant arose. The accountant has conceded this credit to be improper and she is therefore surcharged in that amount.
Objection (6), the last, is directed against the relief sought by the executrix in conjunction with her account, praying for an order authorizing the conveyance of the premises known as 90 South Franklin Street, Hempstead, New York, to herself in her individual capacity. The accountant has submitted an affidavit of appraisal which places the fair market value at $6,500 as of October 9, 1954, the date of death of the deceased. The accountant further alleges that “ (the house) is not readily saleable ”. At the hearing the objectant consented to the sale of the premises in question to the executrix individually. Ordinarily it is the general rule that no self-dealing will be per-
*476 mitted between the representative of the estate and the cestui que trust. However, where all the parties are before the court and have expressly agreed and consented to the arrangement, the court may allow such a sale (Matter of Kilmer, 187 Mise. 121; Matter of Smythe [6 Mise 2d 130]; 2 Bradford Butler, New York Surrogates Law and Practice, §§ 1528, 1529; see, also, id. 1941-1950 Supp., §§ 1528, 1529). Accordingly such relief requested by the executrix is hereby granted.
The attorney’s fee is fixed in the amount requested in the account, and is to cover all services rendered including the submission of the decree to be entered hereunder.
Settle decree on five days’ notice.