John D. Bennett, S.
The objections to the account herein are disposed of as follows:
Objection 1: The determination of this objection relating to attorney’s fees, and the corresponding objection by the special guardian, are held in abeyance pending compliance by the executor with directions contained under Objection 4 (infra).
Objection 2 is dismissed. On the facts presented the court finds the funeral expenses reasonable and proper.
Objection 3 is dismissed. Interest is directed to be paid at the rate of 3% on legacies payable to Salome Resch and Margaret Higgins, in accordance with section 218 of the Surrogate’s Court Act. Distribution of amounts payable to Salome Resch is directed to be paid to the Commissioner of Welfare of the City of New York, in accordance with an assignment by Salome Resch recorded in this court. In the event that the amount payable to Margaret Higgins is less than $1,000, said sum is directed to be paid to the Director of Creedmoor State Hospital, pursuant to section 271 of the Surrogate’s Court Act and subdivision 14 of section 34 of the Mental Hygiene Law, for use as provided in the latter section.
Objection 4: The objectants seek to charge the executor with the rents collected during his management of certain specifically devised real property. The executor argues that since the property was specifically devised, he had no authority to manage the property as an estate asset, and, therefore, had no obligation to account, citing Matter of Ryan (161 Misc. 313). The executor’s position is that he is willing to account for rents received but only in a “ proper ” jurisdiction.
In the court’s opinion, even though there was no necessity to manage the real property and collect the rents for the purpose of payment of debts, the executor nevertheless had such authority under section 13 of the Decedent Estate Law. Although under clause (c) of subdivision 2 of section 13, the executor’s authority to manage real property does not encompass “ such real property as has been specifically devised to any one person not under disability ’ ’, this limitation is not applicable since the real property is not specifically devised to “any one person” but to several persons. Some indication, even though dictum, that this is the proper interpretation of the statute is apparent from the language used in Matter of Coyne (269 App. Div. 853) where the Appellate Division, in *410 holding that the limitation in clause (c) of subdivision 2 was inapplicable, stated: 61 There was not a specific devise to one person, but a general devise to four.” (Emphasis added.) Also in Bradford Butler, New York Surrogate Law and Practice (Vol. 2, § 1396 [1941-1950 Supp., p. 170]) the author limits the statutory powers of an executor over specifically devised property to instances where such devise is to a “ single corporation or individual competent person”. (Emphasis added.)
The court is not unmindful of the holding in Matter of Ryan (supra) which, without apparently making the distinction between “ any one person ” and “ persons ”, denied the right of an exceutor to manage real property specifically devised to persons, on the ground that no order had been obtained pursuant to section 232 of the Surrogate’s Court Act, and further that no such order would have been granted had it been applied for because of the sufficiency of personal property for the payment of expenses.
One of the principal aims of the Commission to Investigate Defects in the Law of Estates was to narrow the bridge between the treatment afforded real property vis-a-vis personal property as assets of an estate (Current Legislation, 28 Col. L. Rev. 1088 [1928]). Toward this goal executors were given certain statutory powers over real property, regardless of their omission in the will (Decedent Estate Law, § 13; L. 1929, ch. 229).
The report of this commission (p. 184) contains a note, part of which concerns the statutory power given over the management of real property: “ The new powers conferred by this section are: * * # (b) A grant of power to an executor to take possession, collect the rents and manage the real property of the decedent not specifically devised to any one person not under disability where the will does not expressly prohibit such power; * * * Every power to be exercised under this section is subject to the control of and subject to the prior approval by the surrogate except the power to an executor stated under (b) of this note, which power may be exercised without prior approval. ’ ’
Although section 232 of the Surrogate’s Court Act, which requires an order to receive the rents from specifically devised property, makes no distinction between a devise to one or more persons, the Legislature has clearly demonstrated its intention that there should be no need for such an order where the devise is to two or more individuals.
The. legislative trend is unmistakably towards investing the executor with greater powers over real property, regardless of the terms of the will. To this end section 13 of the Decedent *411 Estate Law was amended by chapter 752 of the Laws of 1947 so as to permit an executor to sell, mortgage or lease real property in the situations provided for, without being fettered by proceedings under article 13 of the Surrogate’s Court Act. The clear mandate of this policy requires the court to reach the conclusion that the executor was authorized to collect the rents here, and that consequently he should account in this court for such assets.
To deny jurisdiction over this matter by a holding that the executor acted merely as a volunteer in the collection of rents as he contends he did, would necessarily result in the objeetants’ recourse to another court for the final disposition of this estate (see, e.g., Matter of Schroder, 176 Misc. 1024, 1028). Two of the specific devisees in this small estate are presently patients at State ¿rental hospitals; however no committees for such persons have been appointed. It would clearly constitute a hardship to such individuals not to have the entire matter finally resolved by this court.
“ The State has empowered surrogates in unmistakable language, and it is not the function of the courts to discover or to fashion reasons for thwarting the manifest policy.” (Matter of Coombs, 185 App. Div. 312, 314.)
As the court stated in Matter of Coyne (supra): “ The executor had authority to manage the property and collect the rents, the items relating thereto were properly part of his account; and the court had jurisdiction to determine all the questions necessary in order to make a full and complete disposition of the matter”. (See, also, Matter of Lang one, 1 A D 2d 676 and Matter of Burrows, 286 App. Div. 1092.)
Accordingly, the executor is directed to supplement his account, within 15 days of this decision, to include the management and collection of rents from the premises known as 324 Lorimer Street, Brooklyn, New York.
The further objection that the executor failed to exercise his power of sale is dismissed, since no evidence was presented to show that such failure to sell by the executor pursuant to his discretionary power of sale caused any loss to the estate.
Objection 5 opposes the proposed manner of distribution set forth in the account, alleging that according to paragraph Seventh of the decedent’s will, in the event of any of the nieces predeceasing the testatrix, the share of such predeceased nieces shall be divided equally among the survivors. The above objection and the objections raised by the special guardian necessitate a construction of the decedent’s will. As must all wills, this will must be read in its entirety. Accordingly the court *412 holds that there is no lapse of any of the legacies, including the residuary legacies, because of the provisions of paragraph Seventh of the will. Paragraph Seventh explicitly provides for the lapsing of any of the shares of the enumerated individuals in the deceased’s estate (see Matter of Hoffman, 154 N. Y. S. 2d 270). The contention of the assignee of Salome Besch that the shares of the named nieces predeceasing the testatrix are to be shared by the named nieces surviving the testatrix is contrary to the clear intention of the testatrix set forth in the will. Although the first sentence of paragraph Seventh of the will states that the shares of any of the named nieces “who shall predecease me, shall be divided equally among those of them who shall survive me ”, the subsequent sentence limits and reduces the prior gift by the statement that in the event “ any of the above named nieces shall predecease me leaving issue, then I direct that the entire share or shares of said deceased niece or nieces shall go to the issue of such deceased niece or nieces.” This language clearly limits the prior absolute gift to the named nieces surviving the testatrix, and states a valid and permissible distribution (Williams v. Jones, 166 N. Y. 522; Terry v. Wiggins, 47 N. Y. 512; Matter of Voorhees, 106 N. Y. S. 2d 699, 703).
The court accordingly construes the will as giving to the issue of the predeceased Philipina Higgins her share under paragraphs Second, Fourth and Eleventh of the will.
Proceed accordingly.