Anthony P. Savarese, S.
The second and third objections of the special guardian for the infant distributee have been withdrawn. The first and fourth objections have been submitted on stipulated facts and are disposed of as follows:
Bv his first objection the special guardian seeks to charge the petitioner with the reasonable value of his use and. occupancy of a certain parcél of real property which, prior to the death of the decedent, was owned and occupied by the decedent and the *229 petitioner, her husband, as tenants in common. Several years before decedent’s death she had instituted an action for a judicial separation. This action was discontinued upon the execution by the parties of a stipulation which provided among other things that they were to occupy the premises here in question together, though not as husband and wife, and that they were to share the costs of maintenance of the property in a specified manner. Petitioner and the decedent abided by the terms of said stipulation until the death of the latter. After the death of the decedent, petitioner remained in occupancy for a period of approximately 13 months, while the infant, who had lived in the decedent’s custody, was removed to the home of a maternal relative. At the end of his period of sole occupancy, the petitioner sold the interest of the decedent in the property pursuant to the order of this court.
Petitioner may be said to have remained in occupancy of the property in three capacities; as owner of an undivided one-half interest in said property, as a distributee in possession of decedent’s interest in said property, and as administrator of the estate of the decedent. Petitioner disclaims any liability for the use and occupancy of the premises, relying on the well-established principle that a tenant in common is not accountable to liis cotenants for the value of his use and occupancy in the absence of an ouster or exclusion of said eotenants. (Adams v. Bristol, 126 App. Div. 660, affd. 196 N. Y. 510.) As administrator, however, petitioner assumed the power, under section 123 of the Decedent Estate Law, to sell the interest of the decedent in the property under the supervision of this court pursuant to article 13 of the Surrogate’s Court Act. In my opinion the assumption of this power constituted an ouster as would the assumption of power to manage and collect rents. (See Matter of Draser, 81 N. Y. S. 2d 648.) Petitioner therefore incurred a liability for the reasonable value of his use and occupation of the premises to the extent of the objector’s interest therein. (See Limberg v. Limberg, 256 App. Div. 721, affd. 261 N. Y. 821; Matter of Gandy, 14 Misc 2d 472; Matter of Petersen, 103 N. Y. S. 2d 628; Matter of Draser, supra.) We do not believe that the fact that petitioner owned an undivided one-half interest in the property which antedated decedent’s death alters this result. Despite this determination, however, the first objection must be overruled since the stipulated facts include no statement of the reasonable value of the occupancy. Moreover, it appears that the petitioner personally paid all of the costs of the maintenance of the property following the death of his wife, thus assuming an obligation of his codistributee likely to have exceeded the *230 reasonable value of the use of the latter’s undivided one-third, interest.
The fourth objection takes issue with petitioner’s use of estate funds for the payment of the expenses of decedent’s last illness. Objector urges that these items should have been paid by petitioner, individually. (See Matter of Burt, 254 App. Div. 584.) Since, however, the stipulation in the separation action, fixing the duty of the petitioner to support his wife, failed to impose upon him the duty to pay her medical expenses, this objection must be overruled. Account settled.
Submit decree on notice.