Laurence D. Wood, S.
Eudora Owens Barnes, one of two sole legatees under the will of Clara L. Owens, has filed objections to the accounts of Crandall Melvin, the executor of the estate of Clara L. Owens.
The “Fifth” objection alone remains to be determined. It is as follows: “ 5. Objects to Schedule ‘ A ’ in that it does not list as being received by the Estate, the fair rental value of the real property described in Item ‘ 6 ’ of Schedule ‘ A ’ upon the ground that the Executor permitted one Bernard Owens to reside on said real property from the date of death of the decedent to the present time.”
The present proceedings were commenced by a petition to compel an accounting filed in this court on the 3d day of April, 1962. The petition in part stated that the petitioner “ is unable to ascertain whether the premises are rented at the present time ”.
On July 2,1962, a petition to account and for a decree directing the sale of real property of the decedent for the payment of debts, funeral expenses and expenses of administration, and for distribution was filed with a proposed account.
The testatrix died May 16, 1960, survived by three adult children, Bernard Owens, Eudora Owens Barnes and Ralph E. Lampman, her husband, Edward E. Owens, having predeceased her.
*1032 Her will dated March 2, 1917, left a small general legacy to Ralph E. Lampman, he being designated in the will as Ralph Lampman Owens, the use of a farm was given to the predeceased husband, to become a part of the residue on his remarriage, and the residue both real and personal was left to be divided equally between Bernard Owens and Eudora Owens, now Eudora Owens Barnes.
Since the testatrix’ death, Bernard Owens, one of the two residuary legatees has occupied the family homestead, and has been responsible for payment of property taxes, insurance and upkeep. He has made a written offer to purchase the premises for $19,000.
The testimony shows that Bernard Owens moved into his mother’s home about six months before her death with his wife and five children, and that he continued to live in the premises, he and his wife caring for his mother till her death, and remaining in possession thereafter without payment of rent.
There is no attempt to charge the executor with income from a small and apparently rather inactive greenhouse. No rent has been charged or collected of any other parties by anyone.
The testimony shows the house to be from 75 to 100 years old, with burdocks all over the grounds which are uncut. The property was described as a two-story frame building with green shingle siding with four rooms on the first floor and three rooms on the second floor, with “ nothing modern about the property One expert witness testified to a valuation of $17,000, and in answer to a question as to the fair rental value testified as follows: ‘ ‘ Because of the condition of the property and it probably would have to have a considerable amount of money spent on it to have some one go in and live in it. In my opinion, the property would rent between $75. and $80. a month
The other expert witness testified only to a rental value of from $90 to $100. There is apparently no remaining argument about the sale price of $19,000 in the contract of sale as a valuation.
The first issue to be decided is whether or not, upon the facts before the court, a tenant in common who has been in residence and paying the expenses where he possesses the entire premises without any agreement with the others as to his possession, or any demand on their part to be allowed to enjoy the premises with him, is liable to account for use and occupation of the premises.
The rule is well settled at common law, that one tenant in common of real estate, who occupies the whole estate, as in this *1033 case, is not liable in an action of account for the mere sole use and occupation. (Woolever v. Knapp, 18 Barb. 265.)
Section 532 of the Beal Property Law of New York provides as follows: “A joint tenant or a tenant in common of real property, or his executor or administrator, may maintain an action to recover his just proportion against his co-tenant, who has received more than his own just proportion, or against his executor or administrator ”.
Section 13 of the Decedent Estate Law grants the power to the executor to collect rents, without a specific power in the will as to all persons dying after August 31, 1930, subject to certain limitations. These limitations against collection occur in connection with specifically devised property, property of which sale, mortgage or lease is prohibited, or where the will prohibits the exercise of the power, except that these limitations are not effective where exercise of the power is necessary for the payment of administration and funeral expenses, debts or transfer or estate tax upon approval by the Surrogate pursuant to article 13 of the Surrogate’s Court Act.
Section 236 of article 13 of the Surrogate’s Court Act provides in part as followsA verifed petition may be filed by an executor or administrator or by any person interested for an order to mortgage, lease or sell the real property of the decedent for any of the purposes specified in section two hundred and thirty-four of this act ” (italics added).
It has been held that a tenant in common by devise is as much entitled to institute a proceeding pursuant to article 13 as the legal representative, by virtue of the provision contained in the first sentence of section 236 being a person interested. (Matter of Klein, 188 Misc. 34.)
In the Klein case the executor took no part in the proceeding to sell real property, where one of three people to whom the property was devised was in possession to the exclusion of the others. The widow being in possession, one of two daughters, tenants in common, brought the proceeding. The executor was the son of the decedent. While the proceeding did not involve the collection of rent or leasing, the right of initiation of such proceeding for collection or rent or leasing would also seem to be available to a tenant in common under the reasoning set forth.
The record here shows that Eudora Owens Barnes has been represented by some legal counsel practically throughout this proceeding.
*1034 The record fails to show any agreement or demand for the payment of rent by her prior to this accounting proceeding, nor did she appear to testify to such a demand. The matter of the price for the sale of the property was apparently a subject of considerable discussion between the parties according to the record, but mention of the rent issue prior to the accounting proceeding is not shown.
In the memorandum of law submitted on behalf of the objecting party, support of the point that the residuary legatees of one-half interest in the real property in question under the decedent’s will must pay rent for the occupancy of the premises is drawn from Limberg v. Limberg (256 App. Div. 721, affd. without opinion 281 N. Y. 821). That Limberg case did hold an administratrix might collect rents from a tenant in common under section 123 of Decedent Estate Law but it did not hold that she must collect them. In that case the administratrix desired to collect rents of the tenant in common who had been in possession under facts set forth in the companion case, Limberg v. Limberg (256 App. Div. 1104, revd. 281 N. Y. 463). In the latter Limberg case the lower court had held as follows: “ A distributee in possession may not be charged in this proceeding [an accounting] for use and occupancy of a portion of the common property”. The Court of Appeals in that Limberg case discussed the matter as follows (pp. 465-466): “ The first question is whether a distributee in possession of part of a building can be charged in Surrogate’s Court on an accounting as executor for the rental value of part of the premises occupied by him where the assets of the estate have been used by him to pay the upkeep and expenses of the real property used, and where one of the distributees is an infant. Concededly the general rule is that a tenant in common cannot be successfully sued for rent by a cotenant, the occupation being presumed to be for the benefit of all. (Adams v. Bristol, 126 App. Div. 660; affd., 196 N. Y. 510; Wood v. Phillips, 43 N. Y. 152, 156.) That general rule is, however, subject to the exception that where there is an ouster, or acts amounting to a denial of the rights of cotenants, the tenant in possession may be charged with rental. (Zapp v. Miller, 109 N. Y. 51; Adams v. Bristol, supra.) William C. Limberg was in possession as devisee under the will, which has been held to be void because of his fraud and undue influence. His possession was hostile to the cotenants and he is liable for the rent. He collected the rent from the lessee of the other apartment and accounted for it. He, as executor, failed to account for the value of the use of the apartment which he occupied. *1035 * * * The administratrix represented the estate after his removal as executor and insisted on the surcharge in the performance of her duty as administratrix. As administratrix she was entitled to collect the rent ”. (Italics added.)
Several cases hold that once the fiduciary has elected to enter upon the collection of rents he must account for them, and that all portions of the premises must be treated alike. (Matter of Gandy, 14 Misc 2d 472; Matter of Draser, 81 N. Y. S. 2d 648; Matter of Heuss, 14 Misc 2d 408 [1958].)
In one case the court discussed the fact that no demand for rent was made until the account was filed, at which time the administratrix of the estate made demand upon the distributee in possession to remove from the premises or pay rent. The assets other than the real property were insufficient to pay debts and funeral expenses making it necessary for the administratrix to assume the rights and duties conferred upon her under section 123 of the Decedent Estate Law, and to take possession of the property and obtain permission for its sale.
There the court held that the respondent distributee in possession did not become liable for the payment of rent until served with the petition and account in June, 1956, the administratrix having qualified in early 1955. (Matter of Holt, 14 Misc 2d 971.)
In Bennett v. Bennett (81 N. Y. S. 2d 653) where one of four children of a decedent occupied a piece of real property descending by intestacy due to a lapsed legacy, the Supreme Court dealt with the rights of the cotenants as follows (p. 657): “ The matter of adjusting the account for the maintenance of the subject property remains to be considered. It is well settled law that an individual tenant in common may occupy the property in question without incurring liability for the payment of rent or for use and occupation so long as he does not exclude other cotenants from the exercise of similar rights. In Re Hazley’s Will, 166 Misc. 745, 3 N. Y. S. 2d 272, and the cases cited therein. In the absence of evidence showing that the defendant * * * excluded the other tenants in common from possession, she may not be charged for the use and occupation of the premises. However, the income derived from the rental of the five garages on the property shall be first applied to the payment of all inevitable expenses necessary to keep the property in ordinary condition. So too, plaintiff is entitled to be reimbursed for the sum of $95.90 expended in payment of taxes. If the income of the property is insufficient to defray the ordinary maintenance charges, each cotenant is responsible pro rata for any deficit.”
*1036 In Matter of Baker (164 Misc. 92 [1937]) cited by the objectant the administrator with the will annexed allowed the attorney for the sole devisee to take charge of real property and collect rents. There the personal property was not sufficient to pay debts, and the decedent’s real property had been incumbered. That court did not pass on the necessity of collecting rents from a tenant in common, but dealt with the authority of the executor to actually handle rents collected from others by a devisee in possession and account therefor, where personalty was insufficient to pay debts, finding that questions of fact were involved necessitating denial of a motion to dismiss the objections.
In Matter of Wilier (171 Misc. 582 [1939] also cited by the objectant the court speaking of the power granted administrators by section 123 of the Decedent Estate Law said (pp. 583-584): “ While the statute gives the administrator power to take possession of realty and to collect the rent thereof, it does not compel Mm to do so. It may be that, in a proper case, an administrator might be charged with the loss suffered by any creditor of the decedent or of the estate, by reason of the administrator’s failure to exercise this statutory power (see Matter of Baker, 164 Misc. 92, 94), but no such loss is apparent from the pleadings.”
Speaking of the recommendations of the Commission to Investigate Defects in the Laws of Estates (N. Y. Legis. Doc., 1929, No. 62, pp. 23, 33, 75) that court further added (p. 584): “ These comments by the Commission as to the purposes and effect of the proposed legislation were before the Legislature when the statute was enacted (Laws of 1929, ch. 229, § 2), and evidence the legislative intent to grant merely a right of possession, management and collection to an administrator, exercisable in Ms discretion or perhaps upon the court’s direction made upon timely application in a proper case. It is a potential right (Matter of Rosenblatt, 167 Misc. 258, 259), and, like all other rights, the administrator may or may not exercise it.” (Italics added.)
Likewise in Matter of Coyne (269 App. Div. 853) also relied upon by the objectant, the court dealt with the attempt of the executor to set off against a devisee’s share the amount of rent due from her under a written agreement entered into by all the heirs and devisees, permitting her to occupy the premises for a monthly rental of $25. The lower court had held the executor without power to manage the real estate where there was sufficient personalty, that it had no jurisdiction over the agreement purporting to confer on the executor the authority to manage the property and collect the rents, and that the items *1037 of the account relating to rentals, disbursements and the management of the real estate were not properly a part of the accounting.
On these facts the Appellate Division reversed, finding power to manage the property under section 13 of the Decedent Estate Law, and that the matter was thus properly part of the executor’s account within the jurisdiction of the Surrogate.
In the case at hand, there has been no such agreement and ouster if existent must be of a technical nature by operation of the law under the circumstances.
Surrogate Bennett in Matter of Heuss (14 Misc 2d 408) refers to the holding in Matter of Coyne (supra) in his construction of clause (c) of subdivision 2 of section 13 of the Decedent Estate Law in support of his interpretation of that portion of the statute as being strictly construed to specific devises to a single individual or corporation in its provision that the executor might not deal with such real property. In Matter of Coyne (supra) there was a written agreement about rents, a residuary devise of the real property to four persons, and the personal property was sufficient to pay debts and other expenses. There however, the executor desired to set off the value of the rent due from a devisee under the agreement against her share. Here we are faced with the question of compelling an executor to do so where it is found that debts and expenses exceed the personalty, or in lieu thereof the question of surcharging the executor for failure to do so. Many practical questions arise. Leasing the property may interfere with the more important problem of disposition of the property for payment of debts, if the deficiency of personalty is substantial.
The problem here is distinguishable from almost all the cases that have been brought to our attention and they seem to merely furnish an inference as to what the decision here should be.
Where a decedent and her husband, the petitioner in an accounting proceeding as her administrator, had owned and occupied a parcel of real property as tenants in common, the petitioner husband remained in occupancy for 13 months, while the infant distributee who had lived in decedent’s custody was removed to the home of a maternal relative.
The administrator who occupied the premises as such administrator, as owner of an undivided one-half interest, and as a distributee in possession, disclaimed any liability for the use and occupancy of the premises, relying on the well-established principle that a tenant in common is not accountable to his cotenants for the value of his use and occupancy in the absence of an ouster or exclusion of said cotenant. There the court held *1038 that assumption of the power to sell real property under section 123 of the Decedent Estate Law under the supervision of the Surrogate’s Court pursuant to article 13 of the Surrogate’s Court Act, constituted an ouster equivalent to assumption of the power to manage and collect rents, incurring liability for the reasonable value of the administrator’s use and occupancy to the extent of the objector’s interest therein.
There, however, the stipulated facts included no reasonable value of the use and occupancy and therefore the objection seeking to charge the administrator for such use and occupancy was overruled, it also having appeared that the administrator then personally paid all of the maintenance costs thus assuming an obligation of his codistributee likely to have exceeded the reasonable value of the use of the latter’s one-third interest. (Matter of Fink, 18 Misc 2d 228 [1959].)
It has been held that section 13 of the Decedent Estate Law does not give the executor title to the real property, nor does it direct the executor to sell it. It gives him merely the power to take possession and to sell, mortgage or lease real property in the absence of a valid power in the will for such purposes. This power is not imperative and under the authorities (cited in case below) gives the executor only a naked discretionary power. (Deegan v. Deegan, 247 App. Div. 340, 342; Matter of Skewrys, 33 N. Y. S. 2d 610, 611.)
Here we must decide whether, on the facts of the case before us, an executor, in a case where personalty is insufficient to pay debts, must collect rent from a residuary legatee, in possession as a tenant in common, when sale of the property for the purpose of paying debts is contemplated. To find a mandatory rather than a discretionary duty here, will set a precedent abolishing the use of the free business judgment of the executor as to whether or not rent will be collected, or the property leased prior to the sale. If the tenant in common removes from the premises, they may be found nonrentable or may be abandoned, and their sale value greatly impaired. Much depends on the nature of any particular property, its surrounding, condition and the developmental aspects of its area.
According to the unrefuted testimony of one expert witness “ because of the condition of the property * * * it probably would have to have a considerable amount of money spent on it to have someone go in and live in it ”, the buildings being ‘ ‘ in somewhat of a run-down condition ’ ’.
Furthermore, the executor not having paid for the maintenance of the premises, the amount of the expense of maintenance *1039 would be a credit against the gross rent. There is now no evidence before the court to establish the amount of the net rent.
On these facts the court is in no position to make any surcharge against the executor, and even if it were decided that the cotenant should be charged one half the net rents for some proper period, the value of one half of the net rents could not be set. Thus, it would be impossible to arrive at the amount of a setoff for rent against the legacy of the tenant in common in possession.
The court believes that some discretion should be allowed an executor in' dealing with real property. Rentals may produce net income to an estate, they may also produce loss or detriment. The cited cases do not go so far as to force an executor to rent, but mainly deal with accounting for all rents, where some rent is being collected.
While this is a close question, this court feels that where a tenant in common under a will has occupied otherwise unrented premises rent free with testatrix prior to the death of the testatrix, that the advisability of charging rent for his occupancy should be in the discretion of the executor, unless some demand or agreement that rent be charged be made, or unless the cotenant not in possession moves under article 13 of the Surrogate’s Court Act or otherwise, or unless rent is collected from other tenants.
According to the accounting herein the debts and the expenses already incurred exceed the value of the personal property by $3,646.79. The net rentals of this property, if any, would not easily meet such a deficiency. Sale of the property has been indicated and considered since the financial situation of the estate was ascertained. Here the only substantial offer to purchase has been made by the tenant in common in possession. Had rent been demanded, and had he chosen to remove from the premises, this offer might never have been forthcoming or might have been withdrawn if made.
At this stage of the proceeding, there is certainly no basis for surcharge of the executor, nor are there sufficient facts in the record to determine or allow a setoff against the legacy of Bernard Owens.