William J. Regan, S.
In this judicial settlement proceeding objections have been made to the account of the administratrix for failure to include reasonable rentals for premises occupied by distributees herein, including the administratrix individually.
The deceased died on the 5th day of November, 1946 leaving him surviving nine children, all of full age. Letters of administration were issued to the administratrix, Jean Spiess, on the eighth day of January, 1947. Included as assets of the estate are three parcels of realty known as numbers 1215 Broadway, 118 G-ittere Street, and 965 Walden Avenue, all in the city of Buffalo. The administratrix, together with two sisters, Clara and Celia, occupied the lower flat on Gittere Street from 1947 to 1953. A brother, Leon Spiess, together with his family, occupied said flat from 1953 to 1963.
The objectants now demand that the administratrix be surcharged for the reasonable value of the rentals for premises occupied as above stated. Counsel are in accord as to the apparent law of this State that, in the absence of an agreement to pay rent or an ouster of his cotenant, a tenant in common of real property is not liable or accountable to his cotenant respecting his use or occupancy of the common property. (Adams v. Bristol, 126 App. Div. 660.) This rule is subject to the exception that where there is an ouster or acts amounting to a denial of the rights of cotenants, the tenant in possession may be charged with rental. (Adams v. Bristol, supra; Zapp v. Miller, 109 N. Y. 51.)
Objectants have advanced the proposition that the mere assumption of the petitioner to manage the realty and collect rents under then section 123 of the Decedent Estate Law [repealed and replaced, eff. June 1, 1965, by Decedent Estate Law, § 127] is sufficient ouster of the cotenant to render a *597 distributee in possession liable for rents. (Limberg v. Limberg, 256 App. Div. 721; Matter of Draser, 81 N. Y. S. 2d 648.) The argument is made that occupancy against opposition or after demand for rent or assumption by the petitioner, as administrator, to sell the interest of the decedent and to manage and collect rent, have been treated by courts as an ouster and exclusion for purposes of this rule.
Petitioner, together with the special guardian, contends that no liability for rent from a distributee in possession arises until a demand has been made for rent; that in this case no demand was made during the period of occupancy by any of the distributees nor by the administratrix. (Matter of Owens, 36 Misc 2d 1031; Matter of Holt, 14 Misc 2d 971.)
In reviewing the arguments of counsel, the law appears to be clear as respects the right of a cotenant in possession but rather dubious as to the rights of a fiduciary-distributee in possession. As concerns the latter, conflicting opinions have been discussed.
In support of their argument to establish an ouster, objectants have pointed out the proceedings taken against the administratrix dating back to 1948. In 1948 a partition action was instituted against Jean Spiess individually and as administratrix. On June 4, 1949 Walter Spiess, Henry Spiess and John Spiess petitioned the court to compel payment of their particular interest. The answer in that proceeding was that an accounting could not properly be made in view of the partition action that was pending in Supreme Court. On April 18, 1948 Henry Spiess made an application to sell the real estate, held by the estate, under article 13 of the Surrogate’s Court Act. On November 22,1954 Helen Spiess and Stella Spiess petitioned for judicial settlement. It is to be noted in all of the above-mentioned proceedings that each and every one of them was apparently abandoned and no one made any effort to bring any one of said proceedings to a final determination. The instant action was commenced on September 24, 1964.
In reviewing all of the proceedings herein the court noted the account filed by the administratrix on February 27, 1950. This account recited the pending proceedings and particularly reflected that no rentals were being paid to the administratrix by the distributees then in possession. No objections were filed to the account at that time and the proceedings again were apparently abandoned.
While this court does not condone the failure of a fiduciary to judicially settle his accounts within a reasonable time after his appointment, it could extend no greater sympathy to parties in interest who permitted the administration to drag on for a *598 period of approximately 20 years by their failure to pursue the remedies available to them to a conclusion.
With reference to the cases cited in support of the objection herein, it is the opinion of this court that these cases are not determinative of the issue herein. -Such cases dealt with the right of the administratrix to collect rent in her representative capacity from an heir at law in possession of realty. The ouster consisted of the demand for rent, pursuant to rights fixed by former section 123 of the Decedent Estate Law. Such a right is not in issue. So, too, an administratrix-distributee has a fiduciary duty to the other distributees to pay a reasonable rental for any portion of the estate realty occupied by her, when rents are being exacted from all other distributees in possession. However, where discretion is used to permit a cotenant to occupy rent free in return for maintenance and upkeep, it is the opinion of this court that such discretion is properly exercisable. There is no reason in the facts presented here why the same treatment should not be accorded to the administratrix in her individual capacity, particularly where, as here, she occupies the apartment in question together with two other distributees. The possession by Leon Spiess (now deceased) and his family is determinative with less difficulty, as is the possession by Clara Spiess and Celia Spiess. An individual tenant in common may occupy property without incurring liability for payment of rent or for use and occupation, so long as he does not exclude other cotenants from the exercise of similar rights. In the absence of evidence showing that he excluded the other cotenants from possession, he may not be charged for the use and occupation of the premises. (Bennett v. Bennett, 81 N. Y. S. 2d 653; Matter of Hazley, 166 Misc. 745.) Not only did the cotenants .of the property fail to make any demand for rent, but neither did the administratrix, Jean Spiess, ever make any demand for rent pursuant to section 123 of the Decedent Estate Law. The administratrix chose to use her discretion to permit occupancy as she determined to be in the best interest of the estate.
This court is in accord with the proposition that some discretion should be allowed the representative. If the tenant in common removes from the premises, they may be found nonrentable, or may be abandoned and their sale value greatly impaired. (Matter of Owens, 36 Misc 2d 1031, supra.)
In any event, in view of the time that has elapsed from the date that letters of administration were issued herein and, in view of the failure of the distributees or any of the parties in interest to properly and finally pursue the remedies available to them prior to the commencement of this proceeding, it is the decision of this *599 court that the objections respecting the rents he and hereby are dismissed; that subject to the above, and subject to prior dispositions of objections made by this court (see 50 Misc 2d 27), the account of the administratrix will be approved.