John D. Bennett, S.
This is a proceeding for letters of *896 trusteeship without bond, by the alternate executor and nominated trustee to whom letters testamentary were previously issued by this court on May 5, 1975.
Decedent died on January 9, 1975 survived by a son, the applicant herein, and a daughter who was then and still is a resident of a State institution for the retarded, as her sole distributees and legatees. Decedent gave her entire estate to her husband and provided that in the event he predeceased her she gave one half of her residuary estate to her son with the remaining half to be paid to him in trust to pay the income and so much of the principal as the trustee deemed advisable to or for the benefit of her daughter for life. Upon the life beneficiary’s death, the accumulated income and principal was to be paid to her son and in the event that the son predeceased the life beneficiary, then to those persons appointed by her son’s will.
Testatrix nominated her husband as executor, without bond, with her son as his alternate. The will does not expressly designate her son as trustee except for the provision in the event of her husband’s predeceasing her mentioned above.
Applicant in his affidavit alleges that his sister is presently a resident of the State institution, that the trust for her benefit will amount to approximately $11,900 plus one half of the rent or income from decedent’s real property, a one-family house which applicant occupies, paying all expenses of maintenance but without any payment for his exclusive occupancy of the premises.
Applicant’s exclusive occupancy of the real property places him in a conflict of interest with his duty as a trustee to make the interest which he holds as trustee productive. Title to the real property is held in his individual name as a tenant in common with himself as trustee of the trust for the benefit of his sister. His occupancy is markedly different from a cotenant occupying the premises held by two or more persons as cotenants, none of whom is under any disability (Matter of Spiss, 50 Misc 2d 595; Matter of Owens, 36 Misc 2d 1031).
As trustee the applicant is obligated to make the trust corpus productive. He is therefore required to pay a reasonable sum for the use and occupancy of the premises. This would be so even if his sister were a cotenant and not an income beneficiary since she is under a disability and could not acquiesce to his exclusive occupancy of the real property (Matter of Gandy, 14 Misc 2d 472; Limberg v Limberg, 256 *897 App Div 721, affd 281 NY 821; Matter of Draser, 81 NYS2d 648, 650, 651; Johnson v Depew, 38 AD2d 675, app dsmd 30 NY2d 565; see, also, decision of this court in Matter of Nolan, July 29, 1974).
SCPA 806 provides that where a trustee appointed by will is required to hold, manage or invest real or personal property for the benefit of another, he shall unless the will provides otherwise, execute and file a bond. Since the will is silent with regard to a bond for applicant in his capacity as trustee, the filing of a bond is mandatory before letters of trusteeship will issue.
Accordingly, the application for letters of trusteeship is granted upon the filing of a bond in the appropriate amount. To determine the amount of the bond, applicant is directed to file a petition setting forth all of the trust assets including an appraisal, for rental purposes, of the real property so as to enable the court to fix a reasonable rental for the use and occupancy of the real property. A citation will be required to enable the court to obtain jurisdiction over the income beneficiary as well.